STATE of Missouri, Plaintiff–Respondent,

v.

Randy Lee SINCLAIR, Defendant–Appellant.

No. 11681.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 1, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 10, 1980.

Application to Transfer Denied Nov. 12, 1980.

272

John Ashcroft, Atty. Gen., Nancy D. Kelley, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Lawrence A. Smith, Springfield, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant Randy Lee Sinclair was convicted of second degree assault [§ 565.060, RSMo 1978] and armed criminal action [§ 571.015, RSMo 1978]. He was sentenced as a persistent offender [§ 558.016, V.A.M.S.] on the assault conviction to an eight-year prison term. Pursuant to the jury's verdict, the court sentenced him to a thirty–year term for armed criminal action.[1] By reason of Sours v. State, 603 S.W.2d 592 (Mo. banc 1980), we are required to reverse and set aside the sentence and judgment for armed criminal action. We affirm the sentence and judgment for assault.

The sufficiency of the evidence to sustain the assault conviction is not questioned. There was substantial evidence from which the jury could find that the defendant stabbed an elderly man several times with a large blade "buck" pocketknife. A short time before the two men alighted from a city bus the defendant told a bus passenger that he had a knife in his boot. Defendant was observed following the elderly man and witnesses saw a knife in his hand as he was striking his victim. Defendant was seen pitching an object from his hand at the scene of the crime and a "buck" knife was found nearby.

A police officer testified defendant had a similar "buck" knife in his possession a few days before the date of the crime. Defendant objected and requested this testimony stricken. The court sustained the objection and instructed the jury to disregard the testimony. Defendant then moved for a mistrial which the court denied.

Defendant contends the testimony of his having a similar knife prior to the time in question "was so prejudicial as to destroy the very basis of [his] case" because he testified he "had no knife with him on the night in question." We frankly have difficulty in understanding defendant's claim of prejudice and are not enlightened by the argument portion of his brief. His theory, if it be such, is not developed in the argument and we find no authorities cited therein to support his contention. Rather than dismiss the point [State v. Schulten, 529 S.W.2d 432 (Mo.App.1975)], and assuming for some reason the testimony was objectionable, we, nevertheless, find no abuse of discretion by the trial court in failing to declare a mistrial. State v. Johnson, 504 S.W.2d 23 (Mo.1973); State v. Petrik, 550 S.W.2d 613 (Mo.App.1977).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

1. The trial court ordered the sentence for armed criminal action be served first and that the assault sentence was to run consecutive to the armed criminal action sentence. The court further ordered that both sentences were to run consecutive to another sentence previously entered.