**Randy Lee SINCLAIR,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14186.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1986.

Application to Transfer Denied
May 13, 1986.

Kathleen Murphy Markle, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

By motion under Rule 27.26, movant sought to vacate convictions for second-degree assault and armed criminal action. Movant was imprisoned under sentences for the convictions. While his motion was pending in the trial court movant attempted to escape from prison. He was shot and his attempt to escape failed. The trial court determined that by attempting to escape movant "lost his standing" to bring his 27.26 motion. The court dismissed the motion without an evidentiary hearing.

On appeal movant contends that the trial court's order dismissing his motion was improper because (1) the dismissal violated his rights to access to habeas corpus relief under the United States and Missouri constitutions and such a dismissal is not mandated where escape has been merely attempted, and (2) he was entitled to an evidentiary hearing because he alleged sufficient facts of ineffective assistance of counsel to show that he was entitled to relief.

We first discuss whether movant's attempt to escape justified the dismissal of his motion. The parties have not cited us to a case in Missouri where the courts have considered whether an attempted escape forfeits a right to relief either in a criminal case or in a suit seeking post-conviction relief following conviction.

In its brief, the state, appearing to contend that it is movant's intent to escape that forfeits his right to proceed, quotes from *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975), that "no persuasive reason exists to adjudicate the merits of such a case and an escape disentitles the defendant to call upon the resources of the court for determination of his claims." The state claims that "More rationale" for this rule is found in *Wayne v. State,* 579 S.W.2d 780 (Mo. App.1979), where an escape from custody occurred. The state quotes from that opinion: "Movant was in contempt of court and the law. Such trifling with justice must not be tolerated." 579 S.W.2d at 781.

"Missouri has long had the rule that a defendant who escapes or flees the jurisdiction of its courts either during trial or in the process of post-trial proceedings forfeits his rights to an appeal upon the merits of the cause." *State v. Peck,* 652 S.W.2d 244, 245 (Mo.App.1983).

*Fowler v. Leeke,* 509 F.Supp. 544 (D.S.C. 1979) held that a convicted felon abandoned a post-conviction relief claim by escaping while the case was pending in the trial court. In the balance of the discussion of movant's point, we will assume, without deciding, that an escape would have justified the trial court in dismissing the movant's 27.26 motion. We are left then with deciding if an attempt to escape calls for the same result.

In *State v. Carter,* 98 Mo. 431, 11 S.W. 979 (1889), the court ordered that if the defendant in a felony case did not surrender within a certain time his appeal would be dismissed. When he did not surrender, the appeal was dismissed. This indicates to us that returning to custody, before a defendant's appeal is dismissed, allows the appeal to continue. It follows then that an unsuccessful attempt to escape custody should not cause the dismissal of an appeal. Other jurisdictions seem to agree. "An appeal will be dismissed on the ground of escape of appellant only in a clear case of escape." 24A C.J.S. Criminal Law, § 1825(4), p. 486 (1962).

The reason for dismissing an appeal where the party seeking relief has absconded from custody is stated in *State v. Logan,* 125 Mo. 22, 28 S.W. 176, 177 (1894):

Courts uniformly refuse to take any steps in a criminal proceeding unless the defendant is in custody, either actual or constructive. The whole theory of criminal proceeding rests upon the idea of the defendant being personally under the control of the court.... Courts will not waste their time in considering questions or in making matters of record which will prove effectual or ineffectual accordingly as they may be ratified by the consent of a party charged with crime.

This appears to be the theory upon which other jurisdictions dismiss the appeal of a defendant who has escaped. See 18 Geo. Wash.L.Rev. 427, 429 (1949–1950). We believe the theory behind such dismissals is not the attitude or intent of the person convicted as the state appears to urge, but because the person is no longer within the control of the court. There is no reason why this rationale should not apply to 27.26 motions wherever pending.

"When a convict escapes and puts himself in a position where he cannot aid the court which needs his testimony in the determination of his petition, he has frustrated the administration of justice, made it impossible for the court to consider his petition, and has abandoned his application for relief on the merits." *State v. John*, 60 Wis.2d 730, 211 N.W.2d 463, 466 (1973).

Had movant's attempted escape substantially hindered the trial court's determination we might reach a different conclusion. A nonevidentiary hearing was cancelled because of the injuries movant received in his attempted escape, but that was not the basis for the trial court's dismissal and we cannot presume that his absence in any manner substantially hindered the trial court's determination. Under these circumstances, we conclude that because movant was still under the control of the court the attempt to escape was not a sufficient basis for the trial court to dismiss movant's motion.

However, this determination does not require that the cause be reversed. Even if we do not agree with the trial court's basis for dismissal of movant's motion, if the trial court's judgment may properly be sustained on other grounds, the judgment must be affirmed. See *Davis v. State*, 600 S.W.2d 182, 184 (Mo.App.1980). See also *Shepherd v. State*, 612 S.W.2d 384, 385 (Mo.App.1981).

Movant's motion as amended asserted two grounds claiming that the convictions should be vacated. His first ground claimed that he received ineffective assistance of counsel in that his attorney "failed to investigate Petitioner's case and call Brandy, a gypsy, as a defense witness in movant's behalf."

In order to have an evidentiary hearing, movant must plead facts, not conclusions, which if true would entitle him to relief; those facts must raise matters not refuted by the files and records of the case; and the matters complained of must have resulted in prejudice to defendant's case. *Kearns v. State*, 583 S.W.2d 748, 750 (Mo. App.1979).

In *Page v. State*, 632 S.W.2d 293, 295 (Mo.App.1982), the court ruled that a 27.26 motion did not allege facts, but was conclusionary as it gave no indication of the facts which would have been developed through the witness the movant claimed should have been called to testify. We conclude that the motion here was similarly conclusionary. The motion gave no indication of the facts to which Brandy would testify or how the testimony would have aided movant. Movant was not entitled to an evidentiary hearing on the portion of his motion alleging ineffective assistance of counsel.

In movant's amended motion his second ground claiming relief stated:

> Petitioner was deprived of his constitutional rights to due process by the State's attempt to impose a thirty (30) year sentence on the Petitioner for his conviction for armed criminal action because the United States Supreme Court vacated said sentence on double jeopardy grounds.

The records of this matter establish that the Supreme Court of the United States did not vacate movant's sentence for armed criminal action, but caused it to be reinstated. Movant was convicted in the trial court of assault in the second degree and armed criminal action. The assault conviction was affirmed by this district, but the armed criminal action was reversed based on a ruling of the Missouri Supreme Court regarding double jeopardy. See *State v. Sinclair*, 606 S.W.2d 271 (Mo.App.1980).

Following this court's opinion the Missouri Supreme Court denied movant's application for transfer. Thereafter, the United States Supreme Court granted certiorari, vacated this district's ruling, and remanded to this district. See *Missouri v. Sinclair,* 452 U.S. 912, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). The Missouri Supreme Court then ordered the case transferred there, where it affirmed this district's opinion and vacated the conviction for armed criminal action. See *State v. Sinclair,* 619 S.W.2d 73 (Mo. banc 1981).

The United States Supreme Court again granted a petition for certiorari, vacated the Missouri Supreme Court's order, and remanded the case. See *Missouri v. Haggard,* 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983). By order, not published in the official reporter of the court, the Missouri Supreme Court then vacated its previous order reversing movant's conviction for armed criminal action and ordered that movant's convictions of assault in the second degree and armed criminal action "be in all things affirmed".

If movant is contending that the conviction of armed criminal action constitutes double jeopardy because of his conviction of assault, that has been decided adverse to him. See *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

 Movant's point might be an attempt to challenge the reinstatement of his conviction by the Missouri Supreme Court after it had earlier vacated that conviction. Movant's cite to *State v. Thompson,* 659 S.W.2d 766 (Mo. banc 1983), so indicates. In *Thompson,* the court refused to reinstate a conviction for armed criminal action where the judgment was final as the petition for writ of certiorari to the United States Supreme Court had been denied. Contrary to that case, movant's appeal was not finally determined since the petition for writ of certiorari was granted and the judgment later vacated. Even if we had authority to determine the validity of the supreme court's order, it is clear that the Missouri Supreme Court had jurisdiction to reinstate the conviction.

 Whichever assertion movant is attempting to state in his second point, his claim is a question of law, not fact, and is without merit. "Where the post-conviction motions involve only a question of law, ... the trial court's denial of them without an evidentiary hearing is proper." *Bonner v. State,* 595 S.W.2d 393, 395 (Mo.App.1980). The second point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS, J., concur.

CROW, J., recused.