STATE of Missouri,
Plaintiff/Respondent,

v.

Michael KEMPKER,
Defendant/Appellant.

No. 55458.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1990.

Kathleen G. Green, St. Louis, for defendant appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for plaintiff respondent.

GRIMM, Judge.

Defendant Michael Kempker was convicted by a jury of two counts of first degree robbery and two counts of armed criminal action. On appeal, he raises three allegations of error. Those allegations are not reached. Rather, we dismiss his appeal due to his failure to report to this court while on bond.

Following his conviction and sentencing, defendant filed his notice of appeal. At his request, on November 3, 1988, this court set the amount of his bond. Bond was made on May 11, 1989.

As a condition of his release, he was required to file a status report with this court no later than the first day of each month. He was also required to make scheduled personal appearances at the court.

A personal appearance was scheduled for August 1, 1989. Defendant did not appear. Rather, he indicated to this court's marshall that he had car trouble and would appear on August 3. Defendant did not appear on August 3.

By September 5, 1989, defendant still had not appeared or contacted this court. This court's marshall called defendant's mother. She indicated that she did not know where her son was and had not known his whereabouts for the past month. A warrant for defendant's arrest was issued on September 6, 1989.

Defendant's bondsman located defendant in Corpus Christi, Texas. On September 26, 1989, almost two months after defendant missed his personal appearance, the bondsman delivered him into the custody of the St. Louis County Sheriff.

The escape rule is well established in Missouri. The rule "operates to deny the right of appeal to one who, following a conviction, has attempted to escape justice." *State v. Wright*, 763 S.W.2d 167 (Mo.App.W.D.1988). The rule has been applied to deny a defendant's right of appeal when he has (1) escaped from jail, (*see State v. Carter*, 98 Mo. 431, 11 S.W. 979 (Mo. banc 1889)), (2) left the court room after a guilty verdict and failed to return,

(*see State v. Thomas*, 792 S.W.2d 66 (Mo. App.E.D.1990)), (3) failed to appear for sentencing, (*see Wright*, 763 S.W.2d at 168–169), and (4) failed to make a personal appearance in court as required as a condition of his bond, (*see State v. Peck*, 652 S.W.2d 244 (Mo.App.S.D.1983)).

One rationale behind the rule has been the need to maintain control over a defendant before a court renders its decision on an appeal. *Carter*, 98 Mo. at 432, 11 S.W. at 980 (1889). Another rationale is found in *State v. Kearns*, 743 S.W.2d 553 (Mo. App.S.D.1988). There, the court reasoned that a defendant's extended absence creates administrative problems for an appellate court "and almost certain prejudice to the state" which justifies finding that he has forfeited his right to appeal.

A third rationale for applying the rule is expressed in *Stradford v. State*, 787 S.W.2d 832 (Mo.App.E.D.1990). There, the court stated the escape rule "serves to preserve respect for the criminal justice system." *Id.* at 833. "Those who seek the protection of this legal system must ... be willing to abide by its rules and decisions." *Wright*, 763 S.W.2d at 168–69.

In both *Stradford* and *Thomas*, this court applied the rule to deny the appellants' requests for post conviction relief in the form of Rule 29.15 motions. In *Thomas*, defendant left the court room after a guilty verdict and was apprehended roughly two months later. In *Stradford*, defendant failed to appear for sentencing and was arrested about one month later, then escaped from jail and was apprehended again.

Defendant argues "that the rule may not be applicable if a fleeing defendant is restored to custody before his appeal is dismissed." *See Kearns*, 743 S.W.2d at 554; *see also Sinclair v. State*, 708 S.W.2d 333, 336 (Mo.App.S.D.1986). That a defendant is restored to custody, however, is not necessarily a controlling factor. For example, in *Wright*, *Kearns*, *Thomas*, and *Stradford*, the rule was applied when defendants were in custody.

Here, defendant missed a scheduled personal appearance on August 1, 1989, did not appear on August 3 as he told the marshall he would, failed to file his September 1, 1989, status report with the court, and was not returned to custody until September 26 when his bondsman brought him back from Corpus Christi, Texas. Under these facts, we find the rationale of *Wright* and *Stradford* applicable.

By absconding, defendant has shown his "reluctance to accept the decision of the trial court or to await the vindication of [his] rights by this court. [He] may not selectively abide by the decisions of the courts." *Wright*, 763 S.W.2d at 169. We find defendant forfeited his right to appeal.

Appeal dismissed.

SATZ, P.J., and SMITH, J., concur.