**Troy CLAYTON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 20150.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 9, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Troy Clayton (movant) appeals the dismissal of a motion for post-conviction relief. Movant filed a Rule 24.035 motion following conviction, based on his plea of guilty, of the offense of selling marijuana, a controlled substance. The motion court dismissed the Rule 24.035 motion because movant absconded from probation. Movant complains that the motion court erred in dismissing the motion without making a finding with respect to whether his actions adversely affected the criminal justice system. This court affirms.

Movant was sentenced in the underlying criminal case to imprisonment for a term of 10 years. Execution of sentence was suspended and probation granted for a period of 5 years. The case was assigned to the Missouri Division of Probation and Parole for supervision.

Probation violation reports were filed September 8, 1989, and September 27, 1990. The 1989 report alleged that movant had violated conditions of his probation by traveling outside Missouri without permission of his probation officer. The 1990 report alleged movant violated conditions of his probation by moving to the state of Minnesota without permission. On October 11, 1990, the trial court suspended movant's probation and ordered a capias warrant issued for his arrest. Movant was arrested March 31, 1992.

Movant was brought before the trial court April 9, 1992. He admitted the alleged violations of probation. The trial court revoked his probation and ordered that the sentence previously imposed be executed.

Following incarceration, movant filed a *pro se* Rule 24.035 motion and a *pro se* amended motion. The motion court appointed counsel for movant. Movant's appointed counsel elected not to file a further amended motion and proceeded on the *pro se* pleadings.

The motion court, relying on *Hicks v. State*, 824 S.W.2d 132 (Mo.App.1992), held that the "escape rule" applied in post-conviction cases. It dismissed movant's motion.

Movant contends the motion court erred in dismissing his Rule 24.035 motion in that it failed to conduct an inquiry as to whether movant's actions adversely affected the criminal justice system; that he was thereby denied due process of law.

Movant relies on *State v. Troupe*, 891 S.W.2d 808 (Mo. banc 1995), to support his contention that the motion court was derelict in not addressing whether his conduct while on probation "adversely affected the criminal justice system." He contends, "The court [in *Troupe*] held that '[i]n applying the escape rule, the relevant inquiry is whether the escape adversely affects the criminal justice system. If so, dismissing the escapee's appeal is appropriate.'" *See Troupe*, 891 S.W.2d at 811.

The statement movant quotes from *Troupe* is not directed to trial court proceedings.[1] The statement refers to appellate court action. The motion court's failure to address whether movant's conduct adversely affected the criminal justice system was not error.

Movant's point of error is denied. The motion court's order dismissing his post-conviction motion is affirmed.

SHRUM, C.J., and PREWITT, P.J., concur.

---

1. The complete paragraph from which movant's quoted statements are taken states:

A reviewing court may invoke procedural rules to protect the orderly and efficient use of its resources. In applying the escape rule, the relevant inquiry is whether the escape adversely affects the criminal justice system. If so, dismissing the escapee's appeal is appropriate. This determination is left to the sound discretion of the appellate tribunal.
*Troupe,* 891 S.W.2d at 811.