**Melvin VANGUNDA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 20602.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 6, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Chief Judge.

Melvin Vangunda (Movant) appeals from an order of the circuit court that dismissed his Rule 24.035 motion for postconviction relief. The motion court, applying Missouri's

"escape rule," held that since Movant "fail[ed] to appear for sentencing when ordered to do so by the sentencing court" he thereby "waived his right to post-conviction relief." We agree and affirm.

## FACTS

On March 1, 1994, Movant pled guilty to passing a bad check, § 570.120, RSMo 1994, and forgery, § 570.090.1(1), RSMo 1994. The court accepted the plea agreement of five years on each charge, but did so upon the express condition that Movant appear for sentencing on March 7, 1994. The trial court told Movant that if he failed to appear as scheduled, he would be subject to a twelve-year sentence. After Movant acknowledged that he understood the consequences if he failed to appear, he was released on his own recognizance.

Movant did not appear for sentencing on March 7, 1994. As a result, the court was unable to sentence him until May 17, 1994. On that date, the court sentenced Movant to five years for passing a bad check and seven years for forgery, to be served consecutively.

On June 29, 1994, Movant filed a *pro se* Rule 24.035 motion for postconviction relief. Movant's subsequently-appointed lawyer filed an amended motion and a hearing on the motion was set for August 2, 1995. At the hearing, the State moved to dismiss Movant's motion because of his failure to appear for sentencing on March 7, 1994. Applying the "escape rule," the court dismissed Movant's postconviction motion. This appeal followed.

## DISCUSSION

In *Hicks v. State,* 824 S.W.2d 132 (Mo.App. 1992), this court traced the development of the "escape rule" in Missouri and examined the various rationales supporting it. *Id.* at 133–34. Regarding application of the escape rule to postconviction cases, we said:

"Applicability of the escape rule is not limited to dismissal of appeals on the merits but also to motions for postconviction relief under Rules 29.15 ([*State v.*] *Woods,* 812 S.W.2d [267] at 268 [Mo.App.1991]; *State v. Branch,* 811 S.W.2d 11, 12 (Mo. App.1991); *Stradford v. State,* 787 S.W.2d 832, 833 (Mo.App.1990)), and Rule 24.035. *Rulo* [*v. State*] 804 S.W.2d [866] at 867 [Mo.App.1991]. As with direct appeals on the merits, the rule is applicable in Rule 24.035 and 29.15 cases even though the movant has been restored to custody. [*State v.*] *Schleeper,* 806 S.W.2d 459 [Mo. App.1991]."

*Id.* at 134 [2, 3]. In *Hicks,* we further noted that in postconviction relief cases, the escape rule has been invoked both to dismiss appeals where the motion court reached the merits of the movant's claim and also to affirm the motion court's judgment where it has dismissed the motion based on its application of the escape rule. *Id. Hicks* was in the former posture; here, we find ourselves in the latter situation.

The continued viability of the escape rule in Missouri was recently confirmed by our Supreme Court in *State v. Troupe,* 891 S.W.2d 808 (Mo. banc 1995):

"The escape rule operates to deny the right of appeal to a defendant who escapes justice.... A defendant who flees justice also loses the opportunity to seek postconviction relief...."

*Id.* at 809[1] (citations omitted).

With the above as background, we turn now to Movant's singular point that the motion court erred in dismissing his postconviction motion because its dismissal order "was based on the incorrect assumptions that [movant's] failure to appear at sentencing barred him from proceeding under Rule 24.035, and that the motion court had no discretion to rule on the merits." Movant relies primarily on *Troupe, Ortega–Rodriguez v. United States,* 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), and *Sinclair v. State,* 708 S.W.2d 333 (Mo.App.1986), but ignores *Clayton v. State,* 910 S.W.2d 369, 370 (Mo.App.1995), a post-*Troupe* decision of this court.

Regarding *Sinclair,* we note that it involved an attempt by an accused to escape,

and that the reasoning and holding of *Sinclair* have been limited to that situation. *See State v. Woods,* 812 S.W.2d 267, 268 (Mo. App.1991). Since the instant case does not involve an attempted escape, Movant's reliance on *Sinclair* is misplaced. *Id.*

In developing his point, Movant states—correctly so—that *Troupe* declined to follow the reasoning of *Ortega–Rodriguez* and decided not to depart from Missouri precedent.[1] Nevertheless, he insists that *Ortega–Rodriguez* is still instructive on the issue before us because *Troupe* held that the matter of the application of the "escape rule" was, as Movant states it in his brief, "one for the discretion of the dismissing court."

In making such argument, Movant is obviously relying upon this language from *Troupe:*

> "A reviewing court may invoke procedural rules to protect the orderly and efficient use of its resources. In applying the escape rule, the relevant inquiry is whether the escape adversely affects the criminal justice system. If so, dismissing the escapee's appeal is appropriate. This determination is left to the sound discretion of the appellate tribunal."

891 S.W.2d at 811[4, 5]. When carefully read, it is readily apparent that the "sound discretion" statement in *Troupe* is not direct-ed to trial court proceedings such as those under consideration here, but rather, it refers to appellate court action. *See Clayton,* 910 S.W.2d at 370.

Procedurally, *Clayton* is like this case, that is to say in both instances the motion court invoked the escape rule to dismiss a Rule 24.035 motion for postconviction relief without an express finding of whether the movant's conduct adversely affected the criminal justice system. Relying on *Clayton,* we conclude that the motion's court's failure to explicitly address that issue was not error.

Movant's point of error is denied. The motion court's order dismissing his postconviction motion is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

1. *Troupe* rejected the reasoning of *Ortega–Rodriguez* thusly:
   "It falls to this court ... to determine whether to apply the reasoning of *Ortega–Rodriguez* to cases in Missouri in which a criminal defendant escapes during trial and is recaptured prior to initiating an appeal. After reviewing the various justifications for the escape rule alongside the reasoning of *Ortega–Rodriguez,* this Court determines not to depart from Missouri precedent." 891 S.W.2d at 810.