### In the Matter of the CARE AND TREATMENT OF Nelvin SPENCER, Appellant.

#### No. SC 85491.

Supreme Court of Missouri, En Banc.

Dec. 23, 2003.

Emmett D. Queener, Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Steven C. Reed, Asst. Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for Respondent.

RONNIE L. WHITE, Chief Justice.

## I.

The State of Missouri petitioned the probate division of the circuit court seeking to confine Mr. Spencer as a sexually violent predator (SVP), and following a jury trial he was committed to the Department of Mental Health (DMH) for control, care, and treatment as a SVP.[1] Mr. Spenc-

---

1. Sections 632.480 to 632.513. All statutory references are to RSMo 2000 unless other-

er appealed, and the Court of Appeals, Southern District, transferred the case to this Court pursuant to article V, section 11.

## II.

Mr. Spencer's first claim of error is that the trial court abused its discretion when overruling his objection to prevent the State from cross-examining Dr. John Rabun, the psychiatrist testifying on his behalf, with regard to the United States Supreme Court opinion in *Kansas v. Crane.*[2] Mr. Spencer contends that the State attempted to impeach the testimony of Dr. Rabun by informing the jury that the Supreme Court had rejected his professional opinion that a diagnosis of pedophilia was not a mental abnormality as defined by the law. Mr. Spencer contends that this was a factual question of medical opinion for the jury to decide and that the State invaded the province of the jury by presenting it as an issue of law already determined by the Court.

The State argues that this line of questioning was appropriate because Dr. Rabun testified that as a board certified forensic psychiatrist he must stay abreast of current changes in the law. Dr. Rabun testified that recent decisions by the United States and Missouri Supreme Courts, including the case of *Kansas v. Crane*, had resulted in his conclusion that pedophilia

no longer qualified as a mental abnormality under Missouri law.

"It is well established that the extent and scope of cross-examination in a civil action is within the discretion of the trial court and will not be disturbed unless an abuse of discretion is clearly shown."[3] "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion."[4] Because Dr. Rabun testified that higher court cases, including *Kansas v. Crane*, helped to form the basis for his professional opinion, the trial court did not abuse its discretion when allowing the prosecutor to cross-examine Dr. Rabun regarding those cases.

## III.

Mr. Spencer also claims the court erred by allowing the trial to proceed to judgment utilizing the revised definition the word "predatory."[5] When the State filed its petition against Mr. Spencer, the original definition of the word "predatory" was in effect, and Mr. Spencer contends that section 1.150 requires the application

---

wise noted.

2. 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).

3. *Nelson v. Waxman,* 9 S.W.3d 601, 604 (Mo. banc 2000).

4. *Hancock v. Shook,* 100 S.W.3d 786, 795 (Mo. banc 2003).

5. Section 1.150 provides: "When a law repealing a former law, clause or provision is itself repealed, it does not revive the former law, clause or provision, unless it is otherwise

expressly provided; nor shall any law repealing any former law, clause or provision abate, annul or in any wise affect any proceedings had or commenced under or by virtue of the law so repealed, but the same is as effectual and shall be proceeded on to final judgment and termination as if the repealing law had not passed, unless it is otherwise expressly provided." See also, *City of Kirkwood v. Allen,* 399 S.W.2d 30, 35 (Mo. banc 1966); *Atchison v. Retirement Board of Police Retirement System of Kansas City,* 343 S.W.2d 25 (Mo. banc 1960).

of the law at the time in which the civil action was initiated. At that time, "predatory" was defined as acts "directed towards strangers or individuals with whom relationships have been established or promoted for the primary purpose of victimization."[6] After Mr. Spencer's preliminary hearing, the statute was amended, changing the definition of "predatory" to "acts directed towards individuals, including family members, for the primary purpose of victimization."[7] Mr. Spencer maintains that the jury should have been instructed utilizing the prior definition of "predatory" and that he lost a substantial portion of his defense because he was prepared to present evidence that his behavior was not predatory as originally defined.

The State argues that section 1.150 was intended to preserve substantive rights vested prior to the repeal of a statute under which the rights were acquired and that it does not apply to remedies or procedures.[8] The State contends that the prior definition of "predatory" conveyed no substantive rights to Mr. Spencer and that the revised law merely clarified the existing procedure for determining what qualifies as predatory. The State also claims that the jury's decision rests on a determination that the person has a mental abnormality that makes him more likely to commit future predatory acts of sexual violence. Consequently, according to the State, any evidence Mr. Spencer could have offered to prove that his past behavior was not predatory, under the prior definition, would be irrelevant to that determination.

The State is correct in that the jury's determination rests on whether the person having the mental abnormality is more likely to commit future acts of predatory sexual violence. Consequently, whether Mr. Spencer's past behavior fit the prior or revised definition of "predatory" is irrelevant.[9] Sufficient evidence was adduced at trial to allow the jury to make a determination as to whether Mr. Spencer was more likely than not to commit future acts of sexual violence, and the court did not err when utilizing the revised definition of "predatory" during Mr. Spencer's commitment proceeding.

## IV.

Mr. Spencer also claims an equal protection violation when the probate court disallowed consideration of less restrictive alternatives to the "secure confinement" of those adjudicated as SVPs.[10] This Court has decided this identical issue in the case of *In the Matter of the Care and Treatment of Michael G. Norton*, 123 S.W.3d 170 (Mo. banc 2003) (No. SC 85538, decided on Dec. 23, 2003), and the claim is denied for the reasons set forth in that opinion.

## V.

The judgment is affirmed.

BENTON, LAURA DENVIR STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., concur; MICHAEL A. WOLFF, J. concurs in separate opinion filed.

6. Section 632.480(3).

7. Section 632.480(3) RSMo Cum.Supp.2001.

8. See article I, section 13; *Allen*, 399 S.W.2d at 35–36.

9. Moreover, the original definition of the word "predatory" subsumes the second. Acts "directed towards strangers or individuals with whom relationships have been established or promoted for the primary purpose of victimization" necessarily includes family members regardless of legislature's perceived need to amend the specific language of this provision. There is no substantive difference between the two definitions.

10. See section 632.495.

MICHAEL A. WOLFF, Judge, concurring.

For the reasons expressed in *In the Matter of the Care and Treatment of Michael G. Norton,* 123 S.W.3d 170 (Mo. banc 2003) (No. SC 85538, decided December 23, 2003), I concur.