**Charles COLLINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 63116.

Missouri Court of Appeals, Western District.

Aug. 24, 2004.

Susan L. Hogan, Kansas City, MO, for Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

Before NEWTON, P.J., LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

Following a jury trial, Charles E. Collins was convicted of one count of trafficking in the first degree, Section 195.222 (RSMo. 1994).[1] In reviewing Collins' conviction on direct appeal, this court declined to apply the escape rule and affirmed his conviction on the merits. Collins then filed a Rule 29.15 motion seeking post-conviction relief. The circuit court overruled the motion without an evidentiary hearing, applying the escape rule. Collins now appeals.

### STATEMENT OF FACTS

On April 3, 1997, a Kansas City police officer sought to execute an eviction on the duplex in which Collins was a guest. Upon entering the duplex, the officer smelled gasoline, hydrochloric acid, and acetone. The officer also saw used hypodermic syringes, a handgun, rifle, and shotgun ammunition. While conducting a sweep of the house, the officer discovered Collins and his girlfriend in a bedroom, lying asleep on a mattress that was surrounded by used syringes.

Collins and his girlfriend were escorted from the house. When asked his name, Collins provided an alias. Upon checking Collins' alias, the officers found he was wanted on outstanding municipal warrants. The officers arrested Collins and attempted to place him in the squad car; however, Collins escaped and fled into a nearby wooded area. He was ultimately recaptured and apprehended.

Officers who remained at the duplex where Collins was originally found continued to search the premises. In addition to discovering three Mason jars of liquid methamphetamine, officers also found a recipe, fuel, chemicals, and equipment used in the manufacture of methamphetamine. A criminologist from the Kansas City Police Department tested approximately thirty items recovered from the house and determined that five samples tested positive for methamphetamine. The weight of all samples containing methamphetamine totaled 17,225.04 grams.

Collins was charged and found guilty of trafficking. He failed to appear in court for his April 2, 1999 sentencing hearing and absconded in May, 1999. The Kansas City Police Department found Collins on June 23, 1999. He was then sentenced to nineteen years in prison. On direct appeal, this court exercised its discretion and declined to apply the escape rule and, instead, upheld his conviction on the merits. *State v. Collins,* 42 S.W.3d 736, 738–39

1. All statutory references are to RSMo.1994    unless otherwise indicated.

(Mo.App.2001).[2]

Collins timely filed a *pro se* Rule 29.15 motion for post-conviction relief. Collins' appointed counsel amended the motion alleging, *inter alia*, ineffective counsel of appellate counsel. The motion court issued findings of fact and conclusions of law denying Collins' motion without an evidentiary hearing based upon operation of the escape rule. On appeal to this court, Collins alleges that the motion court erred in denying his Rule 29.15 motion pursuant to the escape rule. He also asserts that appellate counsel did not act as a reasonably competent attorney would by failing to challenge (1) the trafficking statute on grounds that the statute was ambiguous and (2) the sufficiency of the evidence.

## STANDARD OF REVIEW

Appellate review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). "The motion court's decision will be considered clearly erroneous if a full review of the record leaves the appellate court with a full and definite impression that a mistake has been made." *Franklin v. State*, 24 S.W.3d 686, 689 (Mo. banc 2000).

## ANALYSIS

The motion court did clearly err in applying the escape rule to the alleged post-capture errors of Collins' appellate counsel. However, Collins failed to prove that his appellate counsel conducted himself unreasonably and that any prejudice resulted. The motion court's denial of Collins' Rule 29.15 motion for post-conviction relief is, therefore, affirmed.

2. Collins' only point concerns the prosecutor's remarks to the venire to the effect the

In his first point, Collins contends that the motion court erred in dismissing his Rule 29.15 motion pursuant to the escape rule. This court agrees. "The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). This rule applies to "appeals on the merits as well as to post-conviction relief under Rule[ ] 29.15." *Fogle v. State*, 99 S.W.3d 63, 65 (Mo.App.2003). However, the escape rule applies only to errors that occur prior and up to the time of the escape. *Robinson v. State*, 854 S.W.2d 393, 396 (Mo. banc 1993). After the escaped defendant has been returned to custody, he or she is entitled to appeal any post-capture errors. *Id.*

The escape rule does not apply to the error of which Collins appeals. Specifically, Collins did not appear at his April 2, 1999 sentencing hearing and absconded in May, 1999. He was found on June 23, 1999, approximately three weeks later. After being returned to custody and ultimately being sentenced, Collins appealed his conviction. Because the alleged error by appellate counsel on which Collins now bases his motion for post-conviction relief occurred post-capture, the motion court should not have invoked the escape rule to deny Collins' motion.

Application here of the escape rule to deny a Rule 29.15 motion was error. An appellate court need not order a remand for an evidentiary hearing, however, "where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand." *White v. State*, 939 S.W.2d 887, 903 (Mo.1997). As a matter of judicial

defendant "doesn't have to say a word."

economy, "even though the stated reason for the court's ruling is incorrect, the judgment should be affirmed if the action is sustainable on other grounds." *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991). Accordingly, this court may decide Collins' appeal on the merits rather than ordering a remand.

Here, the judgment of the motion court is affirmed since Collins is unable to satisfy the two-prong standard for proving ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a movant must show both that (1) his or her counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and, that (2) his or her defense was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Bucklew v. State*, 38 S.W.3d 395, 399 (Mo. banc 2001). Counsel's performance is examined against the standard of "reasonably effective assistance." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. Movants claiming ineffective assistance of appellate counsel must also demonstrate "strong grounds ... showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994).

■ Collins alleges that his appellate attorney provided ineffective assistance of counsel when he failed to argue that the trafficking statute was ambiguous and that the state failed to prove how much methamphetamine was produced. The statute under which Collins was convicted provides:

> A person commits the crime of trafficking drugs in the first degree if ... he distributes, delivers, manufactures, produces or attempts to distribute, deliver, manufacture or produce more than one hundred fifty grams of *any material, compound, mixture or preparation which contains any quantity of ... methamphetamine*, its salts, isomers and salts of its isomers.

§ 195.222.8 (emphasis added). Section 195.222.8(2) further states that, "[i]f the quantity involved is four hundred fifty grams or more the person shall be sentenced to the authorized term of imprisonment for a class A felony which term shall be served without probation or parole."

Collins contends that the term "any quantity," as used in Section 195.222.8, is ambiguous and that the state did not prove Collins produced 450 grams or more of actual methamphetamine. His contention is without merit. This court has already determined what "any quantity" of methamphetamine means.[3] In *State v. Massey*, this court held that "'any quantity' of methamphetamine" did not require a showing that the amount of pure methamphetamine contained in a mixture equal or exceed the requisite quantity in order to be proscribed by the statute. 60 S.W.3d 625, 628 (Mo.App.2001); *see also State v. Hill*, 827 S.W.2d 196 (Mo. banc 1992) (rejecting interpretation of § 195.222 that excluded the weight of the blotter paper containing LSD under the applicable weight provision).

Given the clear and settled interpretation of this statutory term, Collins' appel-

---

3. It is of no consequence that this court's previous interpretation of "any quantity" was made under Section 195.222.8 (RSMo.2001), since subsequent amendments have not altered or affected the operative language. *Compare* Section 195.222.8 (RSMo.2001), *with* Section 195.222.8 (RSMo.1994).

late counsel did not provide ineffective assistance. A reasonably competent attorney would not assert a claim of error that is without merit. The meaning of "any quantity" is not ambiguous. Section 195.222.8 requires only that the substance containing methamphetamine, not the amount of methamphetamine itself, equal or exceed 450 grams. *See Massey,* 60 S.W.3d at 628. As a result, Collins' appellate counsel was under no duty to challenge the statute as vague and his actions were reasonable.

Furthermore, it is equally clear that there is sufficient evidence to support the jury's finding of Collins' guilt. Neither party disputes that the samples tested from the recovered substances weighed 17,225.04 grams. This amount is easily in excess of the 450 grams prohibited by § 195.222.8(2). Thus, the result of Collins' appeal would have been no different had the argument been raised. Such allegations do not warrant reversal of his conviction. Collins' defense was, therefore, not prejudiced by his appellate counsel's actions.

### CONCLUSION

Although the motion court's application of the escape rule to deny Collins' Rule 29.15 motion was clearly erroneous regarding appellate counsel's assistance, it's action is sustainable on other grounds. Because the term "any quantity," as used in § 195.222.8, is not ambiguous and there is sufficient evidence to support Collins' conviction, the motion court's judgment is upheld.

The judgment is affirmed.

All concur.