Ricky Pittman SMITH, III,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26795.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 26, 2005.

Rosalynn Koch, Columbia, MO, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lacey R. Searfoss, Asst. Atty. Gen., Jefferson City, MO, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Movant, Ricky Smith, was charged by information with one count of class D felony for violating a full order of protection in violation of section 445.085.[1] On June 17, 2002, Movant pled guilty to the charged offense. On that date, the court accepted Movant's guilty plea, which called for a suspended *imposition* of sentencing with the understanding that Movant would reside in the State of Ohio with his mother. Before accepting the plea, the trial court asked whether the State of Ohio would accept Movant for probation; the court then accepted the plea and set the sentencing date for July 11, 2002. Movant failed to appear before the court on July 11, 2002, because his mother refused to bring him back from Ohio for the sentencing. The court was informed that Movant was in Ohio and Movant cooperated by waiving extradition back to Missouri.

Movant did appear for sentencing with counsel one month later on August 12, 2002. At the time of sentencing, Movant's counsel requested a suspended *execution* of sentence. The court imposed a sentence of three years in the Department of Corrections, suspended execution of the sentence, and placed Movant on probation for a period of three years. On October 7, 2002, Movant appeared before the court for a probation violation hearing and his probation was revoked.

In January of 2004, Movant filed a *pro se* motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 24.035, citing ineffective assistance of counsel.[2] The court subsequently appointed counsel and an amended motion was filed. In December of 2004, the motion court issued findings of fact and conclusions of law denying completely Movant's post-conviction motion on the basis of an application of the escape rule. Movant appeals from the order and judgment of the motion court denying his motion without a hearing.

■ In his first point, Movant argues the motion court erred in denying Movant's post-conviction relief as to his claim of ineffective assistance of counsel at the sentencing hearing because the escape rule does not apply to post-capture error. In fact, the State concedes that the motion court erred in applying the escape rule to Movant's claim that his counsel was ineffective at the sentencing hearing in that the escape rule does not apply to post-capture error. We agree. *See Robinson v. State*, 854 S.W.2d 393, 396 (Mo. banc 1993) (holding the escape rule should not be used to dismiss challenges to post-capture errors). We thus reverse the denial of Movant's points concerning ineffective assistance of counsel at the sentencing hearing and remand for adjudication on claimed post-capture errors.

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. All rule references are to Missouri Court Rules (2005), unless otherwise specified.

■ We also find merit to Movant's second point that the court erred in not considering his claims of ineffective assistance of counsel prior to his sentencing due to the escape rule. Movant argues that the trial court abused its discretion in the application of the escape rule because the failure of Movant to appear at the first sentencing hearing did not hinder the administration of justice.

■ Appellate review of denial of a post-conviction motion is limited to determining whether the motion court clearly erred in its findings of fact and conclusions of law. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The findings and conclusions of the post-conviction court are clearly erroneous if a review of the entire record leaves the reviewing court with the definite and firm impression that a mistake has been made. *Williams v. State*, 67 S.W.3d 767, 768 (Mo.App. S.D.2002). Whether or not the appellate court should apply the escape rule depends on whether the escape adversely affects the criminal justice system. *State v. Brown*, 974 S.W.2d 630, 631 (Mo.App. S.D.1998). The escape rule should be applied in order to: (1) maintain control over the defendant before making a decision on appeal; (2) curtail administrative problems caused by the escapee's absence; (3) prevent prejudice to the State in the event of a remand for a new trial; (4) prevent defendants from selectively abiding by court decisions; (5) discourage escape; (6) encourage voluntary surrender; (7) preserve respect for the criminal justice system; and (8) promote the dignified operation of the appellate courts. *State v. Hickerson*, 66 S.W.3d 787, 789 (Mo.App. S.D.2002).

Movant's failure to appear at the sentencing hearing in July caused a month's delay in sentencing. In Missouri, the courts have not created a threshold or bright line to determine what period of time needs to pass before the escape rule should apply. For example, this Court found that a fifteen-day delay in sentencing did not require application of the escape rule. *State v. Janson*, 964 S.W.2d 552, 554 (Mo.App. S.D.1998). On the other hand, in *Holmes v. State*, 92 S.W.3d 193 (Mo.App. W.D.2002), the court found that a period of three weeks was an acceptable period in which to apply the escape rule when the defendant fled the courthouse during the trial with stolen money, which had been received into evidence. *Id.* at 196. Likewise, a delay as little as six weeks has been enough to apply the escape rule when a defendant failed to appear for sentencing. *State v. Bailey*, 848 S.W.2d 611, 612 (Mo.App.E.D.1993).

Considering that Movant was being supervised in the State of Ohio, that he was dependent upon his mother for transportation, that the State does not claim any prejudice in the event of a remand for a new hearing, and that Movant voluntarily surrendered, we find an abuse of discretion in the refusal to review Movant's claims on their merits based on an application of the escape rule. In contrast to cases where the escape rule was applied, in this instance, the location of Movant was known to counsel and court and the record does not indicate that Movant presented a threat to public order while outside the court's jurisdiction. Additionally, the court must hear Movant's claims regarding ineffective assistance of counsel at the sentencing. Therefore, we reverse the judgment denying Movant's Rule 24.035 motion without a hearing and remand for a hearing on his motion.

PREWITT, P.J., and PARRISH, J., concur.