**Timothy R. LAWS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 26894.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 15, 2006.

See also 121 S.W.3d 571.

Irene Karns, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, and Daniel N. McPherson, Assistant Attorney General, for Respondent.

GARY W. LYNCH, Judge.

A jury found Timothy R. Laws ("Movant") guilty of forgery, pursuant to § 570.090, on November 22, 2002.[1] Fol-

---

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri Court Rules (2005), unless otherwise indicated.

lowing the verdict the trial court ordered a pre-sentence investigation, increased Movant's bond, and set sentencing for December 12, 2002. Movant posted the increased bond and was released from custody. Later, sentencing was continued until January 22, 2003. On that date Movant appeared, read the pre-sentence investigation, and fled from the courthouse before sentencing occurred. The trial court forfeited Movant's bond and issued a warrant for his arrest. Eighteen days later Movant was arrested. The next day, the nineteenth day after his escape, Movant was sentenced to ten years in prison as a prior and persistent offender.

Movant appealed and this court affirmed his conviction. *State v. Laws,* 121 S.W.3d 571 (Mo.App.2003). However, before reaching the merits of this direct appeal, the State urged this court to dismiss the appeal based upon the escape rule. *Id.* at 573. Exercising our discretion, this court refused to apply the escape rule and decided the appeal on its merits. *Id.* at 574.

Movant timely filed a *pro se* Rule 29.15 motion for post-conviction relief which was timely amended by appointed counsel. In his *pro se* and amended motions, Movant claimed that he was prejudiced by a juror who failed to disclose information during *voir dire* and that his trial attorney denied him effective assistance of counsel in two respects. First, trial counsel failed to discover and remedy the juror non-disclosure. And, second, trial counsel failed to call the records custodian of Kennett High School to testify that Movant had never attended that school, which would have impeached the testimony of witness Shannon Rodriquez, that "she knew [Movant] from high school."

Following an evidentiary hearing, the motion court at the request of the State dismissed the motion due to Movant's violation of the "escape rule." *Ex gratia,* the motion court made findings of fact and conclusions of law on Movant's substantive claims, "in the event that an appellate court should determine that [the State's] Motion to Dismiss under the escape rule should not have been sustained." This appeal followed.

### 1) *Movant's Claims of Error*

Movant challenges the motion court's invocation of the "escape rule" to dismiss his post-conviction motion in two respects. First, he claims that the motion court violated the "law of the case in that [this court] previously decided the [escape] rule did not apply to [his] actions." Second, he claims the motion court, "abused its discretion in dismissing [Movant's] Rule 29.15 motion under the escape rule ..., because the escape did not aversely affect the criminal justice system, in that the nineteen-day delay caused by Movant's failure to appear at sentencing did not hinder the subsequent post-conviction proceedings."

Should this court determine that the motion court erred in dismissing the motion, Movant further asserts that the motion court clearly erred in denying Movant's claim of ineffective assistance of counsel due to trial counsel's failure to call the records custodian of Kennett High School to impeach the testimony of witness Shannon Rodriquez. This point need not be discussed, because our decision on the applicability of the escape rule is adverse to the Movant and dispositive of this appeal.[2]

**2.** *Ex gratia,* we have reviewed the findings of fact and conclusions of law by the motion court on Movant's *pro se* and amended Rule 29.15 motions on this issue. To prevail on his

ineffective assistance of counsel claim, Movant had the burden of proving that his trial counsel failed to exercise the customary skill and diligence of a reasonably competent at-

### 2) *Standard of Review*

■ Appellate review of the denial of a post-conviction relief motion under Rule 29.15 is limited to determining if the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are erroneous only when a review of the entire record leaves the reviewing court with a definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

### 3) *Discussion*

The Western District of this court has recently considered the applicability of the escape rule in similar circumstances and succinctly summarized the applicable law as follows:

> The "escape rule" generally denies the right of appeal to a defendant who attempts to escape justice by absconding. The rule also can be applied to deny post-conviction relief. The rule applies only to errors that occur up to the time of the escape. Whether to apply the escape rule is discretionary. And its application does not violate a defendant's constitutional rights because neither a right to appeal a conviction nor a right to a state post-conviction proceeding exists. (Internal citation omitted.)

*Echols v. State*, 168 S.W.3d 448, 451 (Mo. App.2005).

"In post-conviction cases, the escape rule has been invoked both to dismiss appeals where the motion court reached the merits of the movant's claim and to affirm the motion court's dismissal of a motion based on its own application of the rule." *Id., citing Vangunda v. State*, 922 S.W.2d 857, 858 (Mo.App.1996).

This case is in a similar posture as that in *Echols*. The defendants in each case failed to appear for sentencing. Following apprehension and sentencing, each defendant filed a direct appeal. In each direct appeal, the state asked the appellate court to invoke the escape rule to dismiss the appeal. The appellate court in each case exercised its discretion not to apply the escape rule, decided each direct appeal on its merits and affirmed each conviction. Each defendant thereafter filed a Rule 29.15 motion for post-conviction relief which the motion court dismissed pursuant to the escape rule. The movant in each case appealed the dismissal claiming that the motion court clearly erred in applying the escape rule to dismiss the motion when it had not been applied by the appellate court to dismiss the direct appeal.

At this juncture, the facts of each case diverge somewhat. In *Echols,* the movant's appeal of his post-conviction motion claimed ineffective assistance of trial counsel by events that occurred *before* his escape, as in the instant case, and ineffective assistance of post-conviction counsel by events that occurred *after* his escape, which is not the situation in the case before us. *Id.* at 454. Movant, in this case, does not allege any error for any events occurring after his escape. The *Echols* court upheld the application of the escape rule by the motion court to support dismissal of the motion in the former situation, but found error in dismissing the motion as to movant's claims arising after the escape. *Id.* at 454. Therefore, the logic and reasoning of the *Echols* court in affirming the dismissal of the post-conviction motion for allegations of error occur-

---

torney under similar circumstances; and, that the deficient performance prejudiced the defense of the case. *Clark v. State*, 94 S.W.3d 455, 458 (Mo.App.2003). We can find no

error in the motion court's findings and conclusions that Movant failed to carry his burden of proof on both prongs of this test.

ring before the movant's escape are instructive for the disposition of this appeal.

### a) *Law of the Case*

■ The Movant asserts that the doctrine of the "law of the case" prohibits the motion court from invoking the escape rule to dismiss the post-conviction motion because this court chose not to invoke the escape rule on the direct appeal. This argument was not addressed in these terms to the *Echols* court. The movant in *Echols* argued that the motion court was "collaterally estopped" from invoking the escape rule because the appellate court chose not to invoke the rule on the direct appeal. Both of these doctrines have one element in common: Is the issue sought to be relitigated the identical issue previously decided?

■ The "law of the case" doctrine provides that a previous holding on an issue by an appellate court becomes the "law of the case" and that issue may not be relitigated on remand or in a subsequent appeal. *State v. Graham*, 13 S.W.3d 290, 293 (Mo. banc 2000). This doctrine is to prevent successive appeals not otherwise authorized. *Id.* For this doctrine to apply, the issue sought to be relitigated must be the same issue as previously decided. *Id.*

■ The doctrine of collateral estoppel prevents an issue that has been resolved in one action from being relitigated in another action. *Shahan v. Shahan*, 988 S.W.2d 529, 532 (Mo. banc 1999). One of the four elements of collateral estoppel is: "whether the issue decided in the prior adjudication was identical to the issue presented in the present action[.]" *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001).

The *Echols* court stated and held that: The State requested this court to dismiss Echols' direct appeal based on the escape rule, but this court declined to do

so without commenting on the matter. The court reviewed Echols' argument on its merits instead. That, however, does not mean that the State's argument seeking to invoke the escape rule was meritless. This court did not adjudicate the applicability of the escape rule. Rather, we simply exercised our discretion not to invoke the escape rule. Thus, the State was not "collaterally estopped" from reasserting the issue.

168 S.W.3d at 452.

Thus, the appellate court's exercise of discretion to not invoke the escape rule to deny a direct appeal is not the same issue as to whether the motion court should or should not invoke the rule to deny the movant the right to post-conviction relief. The instant case is a good illustration of this point. On direct appeal, this court chose to "use our discretion to not apply the escape rule" to deny the right of an appeal to Movant on the issue of whether the trial court abused its discretion in admitting evidence of uncharged crimes. *Laws*, 121 S.W.3d at 572–73. This court never addressed the issue of whether the escape rule should or should not be applied to deny the Movant the right to post-conviction relief on the issues of juror misconduct and ineffective assistance of counsel. Because this latter issue was never addressed by this court on the direct appeal, there is no "law of the case" or "collateral estoppel" to bar the motion court's consideration and application of the escape rule to Movant's post-conviction relief motion. *Echols*, 168 S.W.3d at 452.

Movant seizes upon the phrase from *Echols* that the "court did not adjudicate the applicability of the escape rule[,]" in an effort to distinguish *Echols* from this case. *Id.* Movant argues that this court "adjudicated" the applicability of the rule in the direct appeal and, therefore, the reasoning

of the *Echols* court does not apply. However, the Movant fails to point this court to any language in the opinion of the direct appeal where this court, in fact, made such adjudication. Movant ignores this court's specific language in the direct appeal that "we use our *discretion* to not apply the escape rule[.]" *Laws,* 121 S.W.3d at 574 (emphasis added).[3]

Movant's "law of the case" point is denied.

**b) *Adverse Affect on Criminal Justice System***

■ Movant next claims that "[t]he motion court abused its discretion in dismissing [Movant's] Rule 29.15 motion under the escape rule, . . . because the escape did not aversely affect the criminal justice system, in that the nineteen-day delay caused by [Movant's] failure to appear at sentencing did not hinder the subsequent postconviction proceedings."[4] In support of this claim, Movant cites *State v. Troupe,* 891 S.W.2d 808 (Mo. banc 1995), for the proposition that the motion court was required to make an inquiry and findings as to whether Movant's conduct during his escape adversely affected the criminal justice system. Movant complains that "the motion court made no findings of fact or other explanation for invoking the rule." However, Movant failed to cite and has ignored this court's holdings in *Clayton v. State,* 910 S.W.2d 369 (Mo.App.1995) and *Vangunda v. State,* 922 S.W.2d 857 (Mo.App. 1996), which are dispositive of this point.

In response to the same argument as advanced by Movant in this case, this court in *Clayton* noted that "[t]he statement movant quotes from *Troupe* is not directed to trial court proceedings. The statement refers to appellate court action. The motion court's failure to address whether movant's conduct adversely affected the criminal justice system was not error." *Clayton,* 910 S.W.2d at 370.

The next year, this court again addressed this issue in *Vangunda* and reaffirmed it's holding in *Clayton* with the following language:

Procedurally, *Clayton* is like this case, that is to say in both instances the motion court invoked the escape rule to dismiss a . . . motion for postconviction relief without an express finding of whether the movant's conduct adversely affected the criminal justice system. Relying on *Clayton,* we conclude that the motion's court's failure to explicitly address that issue was not error.

*Vangunda,* 922 S.W.2d at 859.

Based upon the same reasoning as set forth in *Clark* and *Vangunda* Movant's Adverse Affect on Criminal Justice System point is denied.

**4) *Decision***

The escape rule should be applied in order to: (1) maintain control over the defendant before making a decision on appeal; (2) curtail administrative prob-

---

**3.** For an example of a case where the applicability of the escape rule was adjudicated, *see* *Collins v. State,* 141 S.W.3d 96 (Mo.App. 2004).

**4.** Movant failed to identify the appropriate standard of review for this claim of error, as required by Rules 30.06(c) and 84.04(e). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the

sense of justice and indicates a lack of careful, deliberate consideration." *In re Spencer,* 123 S.W.3d 166, 168 (Mo. banc 2003). "If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion." *Id.* How this standard differs from the clearly erroneous standard set forth in Rule 29.15(k) is not a determinative issue in this appeal.

lems caused by the escapee's absence; (3) prevent prejudice to the State in the event of a remand for a new trial; (4) prevent defendants from selectively abiding by court decisions; (5) discourage escape; (6) encourage voluntary surrender; (7) preserve respect for the criminal justice system; and (8) promote the dignified operation of the appellate courts.

*Smith v. State,* 173 S.W.3d 928, 930 (Mo. App.2005), *citing State v. Hickerson,* 66 S.W.3d 787, 789 (Mo.App.2002).

In addition to the facts appearing in the entire record of this case, the motion court had the opportunity to evaluate and weigh facts supporting reasons numbered (5), (6) and (7). These facts, not available to this court based upon the dry record, include the attitude, demeanor and non-verbal manners of Movant when he was apprehended following his escape and brought before the court, when he was sentenced, and when he testified during the evidentiary hearing on his post-conviction motion.

With deference to the unique vantage point of the motion court in applying the facts to these reasons for the invocation of the escape rule, and after a review of the entire record, we are not left with a firm and definite impression that a mistake has been made. This court holds that the motion court did not clearly err in dismissing the Movant's motion for post-conviction relief.

We affirm the denial of Movant's post-conviction motion.

RAHMEYER, P.J., and PARRISH, J., concur.