Troy O. **SAPP**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 57698.

Missouri Court of Appeals,
Western District.

July 18, 2000.

Rosalyn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

Before: LOWENSTEIN, P.J., ULRICH and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Justice.

Appellant, Troy Sapp, was convicted by a jury of first-degree robbery, § 569.020 RSMo 1994, in the Circuit Court of Boone County and was sentenced to twenty years imprisonment. On direct appeal, his conviction was affirmed by this court in a *per curiam* order.

Appellant thereafter filed a motion for post-conviction relief under Rule 29.15. After conducting a hearing, the motion court denied Appellant's request for relief. Sapp here appeals that decision.

Appellant's points on appeal are that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel was ineffective for (1) failing to advise Appellant prior to trial that he would be required to serve at least 85% of any sentence imposed for first degree robbery (had he been aware of that fact, Appellant contended he would have accepted a pro-offered plea agreement) and (2)

failing to adequately investigate and call an alibi witness.

 Appellant has cited to no authority in support of either point. "It is an appellant's obligation to cite appropriate and available precedent if she expects to prevail." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App.1999) citing *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Spears*, 995 S.W.2d at 503 citing *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo.App.1995). Accordingly, this court can deem Appellant's points abandoned.

 Regardless, this court has reviewed Appellant's points *ex gratia* and finds that they have no merit. In order for a movant to prevail on a claim of ineffective assistance of counsel, he must show by a preponderance of the evidence both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant has failed on both aspects of this burden of proof, and the denial of his motion for post-conviction relief must be affirmed.

Due to Appellant's failure to cite to any relevant authority in support of his claim for post-conviction relief, his appeal points are denied and this appeal is dismissed.

All Concur.