David HARVEY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 83316.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 16, 2004.

Edward S. Thompson, Assistant Public Defender, St. Louis, MO, for appellant.

Andrea K. Spillars, Assistant Attorney General, Jefferson City, MO, for respondent.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J.

PER CURIAM.

David Eugene Harvey ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. On appeal, Movant claims that his plea counsel was ineffective and that his plea was therefore involuntary because counsel allegedly promised Movant that he would not be sentenced to nine years, the maximum sentence available under the agreed upon plea agreement. We dismiss the appeal.

Movant was charged and pleaded guilty as a prior and persistent offender to one count of forgery in violation of section 570.090 RSMo (2000). He was ultimately sentenced pursuant to a plea agreement to nine years of incarceration in the Missouri Department of Corrections. Movant then filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence, which was later amended. The court denied his motion for post-conviction relief on the merits and without an evidentiary hearing. Movant timely filed his notice of appeal.

■ We begin with the State's argument that Movant's appeal should be dismissed because Movant failed to appear for his sentencing hearing, scheduled for May 17, 2002. The state relies on the judicially-created "escape rule," which provides that defendants who escape or flee during trial or post-trial proceedings forfeit their right to appeal. *Fogle v. State,* 99 S.W.3d 63, 65 (Mo.App.2003) (citing *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995)). A defendant's failure to appear for sentencing constitutes an "escape"

under the rule. *State v. Crump,* 128 S.W.3d 642, 643 (Mo.App.2004). The rule applies to motions for post-conviction relief, as wells as to appeals on the merits. *Fogle,* 99 S.W.3d at 65. The escape rule can be used to dismiss post-conviction appeals regardless of whether the motion court reached the merits of the movant's claims or the court itself dismissed the motion by invoking the escape rule. *Id.*

■ Whether or not to use the escape rule to dismiss an appellant's claims of error rests within the sound discretion of the appellate court. *Troupe,* 891 S.W.2d at 811. "Our [appellate court's] inquiry is focused on whether the escape adversely impacts the criminal justice system." *Fogle,* 99 S.W.3d at 65. In *Fogle,* movant's escape was found to adversely impact the criminal justice system when he failed to appear resulting in a seven-week delay of sentencing, the issuance of a *capias* warrant for his arrest, and his extradition from Illinois. *Id.* In *Kemper v. State,* we found that a movant's failure to appear, causing a two-month delay in sentencing and the issuance and execution of a warrant, "flouted the authority of the courts from which he was seeking post-conviction relief and had an adverse impact on the administration of criminal justice." 129 S.W.3d 439 (Mo.App.2004) (quoting *Fogle,* 99 S.W.3d at 65).

■ In this case, as in *Fogle* and *Kemper,* Movant's failure to appear for sentencing had an adverse impact on the administration of the criminal justice system. Movant's sentencing was scheduled for May 17, 2002. When he did not appear, a *capias* warrant was issued for his arrest. The warrant was later executed and Movant was sentenced on July 19, 2002. Movant's escape resulted in a two-month delay and required that law enforcement resources be employed to capture him. We agree with the State that the escape rule is

applicable in this situation. Those who seek protection from the legal system in the form of post-conviction relief must be willing to abide by all the rules and decisions of that legal system. *Troupe,* 891 S.W.2d at 810.

Movant's appeal is dismissed.