**Kevin W. DOBBS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 28207.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 7, 2007.

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Jefferson City, for respondent.

### DANIEL E. SCOTT, Judge.

We affirm the denial, without evidentiary hearing, of a Rule 24.035 motion for post-conviction relief.[1]

On September 2, 2003, movant pled guilty to passing a bad check in violation of § 570.120. Probation was conditioned upon movant paying, within three days, the full restitution he was supposed to have brought to the plea hearing. Movant paid no restitution, and twice failed to appear for scheduled probation revocation hearings. A capias warrant issued, and the sheriff brought movant to court on January 20, 2004, where he waived his right to counsel, admitted his probation violation, and was revoked.

Movant's timely Rule 24.035 motion asserted that § 570.123 barred criminal charges against him since the bad check victim was suing him civilly at the same time, and that plea counsel was ineffective for advising movant to plead guilty in that situation. The motion court invited the parties to file legal memoranda, and after taking the case under advisement, ruled movant's claims warranted no evidentiary hearing or relief. The motion court alternatively denied relief based on the escape rule.

Rule 24.035(k) limits our review to whether the motion court's findings and conclusions are clearly erroneous. This standard is satisfied only if, from review of the entire record, we are definitely and firmly impressed that a mistake was made.

*Barnes v. State*, 160 S.W.3d 837, 838 (Mo. App.2005); *West v. State*, 159 S.W.3d 847, 849 (Mo.App.2005).

■ A Rule 24.035 movant is entitled to an evidentiary hearing if (1) he pleads facts, not conclusions, warranting relief; (2) which raise matters not refuted by the record in the criminal case; (3) that result in prejudice to movant. Unless all these factors exist, the motion court may deny an evidentiary hearing. *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App.1998).

■ In one of his two appeal points, movant claims he was entitled to an evidentiary hearing as to whether plea counsel knew about the pending civil litigation when he recommended that movant plead guilty. This point, and movant's claims as a whole, are based on his theory that § 570.123 bars criminal prosecution if a bad check victim also is pursuing a civil remedy. However, movant concedes that he "does not have a case to cite," and fails to explain why no authority is available. Thus, we may deem this point abandoned. *Sapp v. State*, 22 S.W.3d 746, 747 (Mo.App. 2000).

■ Moreover, *ex gratia* review indicates that § 570.120.6 allows prosecutors—or victims of bad checks not referred for prosecution—to collect the bad check's face amount and a reasonable service charge, all for the victim's benefit. Alternatively, § 570.123 lets the victim bring a civil action, but only to the extent monies have not been recovered under § 570.120.6. Thus, § 570.123 makes "criminal" payment of the check and costs (§ 570.120) a defense to a civil suit there-

1. Rule references are to Missouri Rules of Court. Statutory references are to Missouri Revised Statutes (2000).

for (§ 570.123), and allows the victim[2] to seek recovery under either statute, but not both. We cannot differ with the motion court's conclusion

> that § 570.123 precludes the holder of the bad check from double recovery of the face amount of the check, and from receiving both the service charge mentioned in § 570.120 and the additional damages authorized by § 570.123. The latter section does not bar the prosecuting attorney from exercising his duty and authority to prosecute crimes within his jurisdiction. See § 56.060. The payee has not been fully paid the face amount of the check, and the civil suit did not bar prosecution under § 570.120.[3] Movant's attorney did not render ineffective assistance under the test in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as movant claims in subparagraph 8.A of the amended motion. He is not entitled to relief on this claim.

■ Movant's other appeal point challenges the motion court's use of the escape rule as an alternative basis for dismissal, and again contends an evidentiary hearing was needed. Movant claims his "failures to appear may have been mistakes rather than distain for the justice system" and he "should have an opportunity at a hearing to so show."

■ Under the escape rule, defendants who escape or flee during trial or post-trial proceedings forfeit their right to appeal. *Harvey v. State,* 150 S.W.3d 128, 129 (Mo.App.2004). Failure to appear for sentencing constitutes an "escape" under the rule. *Id.* The rule also applies to post-conviction motions, and can be used to dismiss post-conviction appeals whether the motion court reached the merits of the movant's claims or itself dismissed the motion by invoking the escape rule. *Id.* The rule is discretionary and does not violate constitutional rights. *Laws v. State,* 183 S.W.3d 629, 632 (Mo.App.2006), *citing Echols v. State,* 168 S.W.3d 448, 451 (Mo.App.2005). A movant who calls on the justice system for post-conviction relief must abide by the system's rules and decisions. *Harvey,* 150 S.W.3d at 130.

The docket sheet suggests movant was aware of his October 7, 2003 probation hearing date,[4] but failed to appear that day nor on the rescheduled November 4 hearing date, after which the plea court suspended movant's probation and issued a capias warrant. Movant did not reappear in court until January 2004, when he was delivered in sheriff's custody, admitted violating his probation, and was revoked. On such a record, we cannot say the motion court clearly erred in concluding that movant's failures to appear adversely affected the criminal justice system, or in dismissing his post-conviction claims accordingly. *See, e.g., Pradt v. State,* 219 S.W.3d 858 (Mo.App.2007); *Nelson v. State,* 210 S.W.3d 477 (Mo.App.2007); *State v. Ore,* 192 S.W.3d 723 (Mo.App.2006); *Pargo v. State,* 191 S.W.3d 693 (Mo.App.2006); *Laws, supra; Crawley v. State,* 155 S.W.3d

---

**2.** Technically the "original holder." § 570.123.

**3.** *Accord, State v. McMikle,* 673 S.W.2d 791, 800 (Mo.App.1984) (the fact that a defendant may have incurred civil liability does not insulate him from criminal prosecution on insufficient funds check).

**4.** The September 16, 2003 docket entry shows movant personally present when the probation violation hearing was set, at movant's counsel's request, for October 7, 2003.

836 (Mo.App.2005); *Harvey, supra.* The issue may be academic in any event. Movant seeks to avoid the escape rule so his claims can be decided on their merits. In rejecting movant's earlier point, we determined that the merits of his motion are insufficient to warrant relief or an evidentiary hearing.

We affirm the judgment. Rule 24.035(k).

PARRISH, P.J. and BATES, J., concur.