Carolyn S. WEIGAND f/k/a Carolyn
S. Edwards, Respondent,

v.

Jeffrey M. EDWARDS, Appellant.

No. SC 89159.

Supreme Court of Missouri,
En Banc.

Aug. 4, 2009.

Robert K. Sweeney, Robert K. Sweeney, L.L.C., Hillsboro, for appellant.

David R. Rosener, Festus, for respondent.

Chris Koster, Attorney General, James R. Layton, State Solicitor, Jefferson City, for amicus curiae.

PATRICIA BRECKENRIDGE, Judge.

Jeffrey Edwards appeals the trial court's dismissal, pursuant to section 452.455.4,[1] of his motion to modify the custody and visitation provisions of a prior modification judgment. Section 452.455.4 provides that, for a person who owes more than $10,000 in past due child support to seek to modify a child custody decree, the person first must post a bond in the full amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater.

Mr. Edwards claims that the statute violates his rights of due process, equal protection and access to the courts. The trial court overruled his constitutional objections and held that, pursuant to section 452.455.4, dismissal is mandatory because Mr. Edwards owes more than $10,000 in past due child support and did not file a bond. Because Mr. Edwards challenges the constitutional validity of a Missouri statute, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, sec. 3. This Court finds the statute constitutional and affirms the judgment.

**Factual and Procedural Background**

Mr. Edwards and Carolyn Edwards, now Weigand, were married for several years and then had a child in 1995. Their marriage was dissolved in 1998. Ms. Weigand was awarded primary physical and legal custody of their child, and Mr. Ed-

---

1. All statutory references are to RSMo Supp. 2007, unless otherwise noted.

wards, although he defaulted by failing to appear at the hearing on the petition, was given liberal temporary custody and visitation rights.[2] The court also ordered Mr. Edwards to pay child support in the amount of $455.70 per month. Mr. Edwards failed to comply with the child support order, and the division of child support enforcement took action to establish an arrearage amount in 2000.

In 2003, Ms. Weigand filed a motion to modify the custody and visitation provisions of the original dissolution decree, and Mr. Edwards received notice by publication. The trial court set a hearing on the motion for January 2004. Mr. Edwards defaulted, and Ms. Weigand's motion to modify was granted, giving her sole custody of their minor child and ordering that Mr. Edwards shall not have any temporary custody or visitation with the child. The child support award was left intact. Mr. Edwards did not appeal the modification judgment.

Several years later, Mr. Edwards filed a motion to modify the child custody and visitation provisions of the 2004 modification judgment to give him temporary custody and visitation like that awarded in the original 1998 dissolution decree. In his motion, Mr. Edwards alleged that there are changed circumstances that make the provisions of the 2004 modification judgment unreasonable and that it is now in the best interests of the parties' child that he have custody and visitation.[3]

Ms. Weigand filed a motion to dismiss pursuant to section 452.455.4, alleging that dismissal was required because Mr. Edwards was more than $10,000 in arrears in child support when he filed his motion to modify and he did not post a bond. At the hearing on the motion, Mr. Edwards admitted that he owed past due child support in excess of $10,000.[4] Although Mr. Edwards conceded his arrearage, he challenged the constitutional validity of the statute. The trial court rejected Mr. Edwards' constitutional challenges and granted the dismissal. Mr. Edwards argues on appeal that section 452.455.4 is unconstitutional because (1) it violates his due process and equal protection rights because it deprives him of his fundamental right to foster a relationship with his child and cannot survive strict scrutiny review and (2) it denies Edwards his constitutional right to access the courts.

## Standard of Review

■■■ This Court reviews *de novo* whether a statute is constitutional. *Doe v.*

---

2. This Court recognizes that section 452.375 authorizes only sole custody and visitation or joint custody regarding parents' custody of their children, but it uses the term "temporary custody" since that term was used in the original decree and by Mr. Edwards.

3. Specifically, Mr. Edwards alleged that he has maintained long-term, full-time employment; that Mr. Edwards is the father of a newborn; and that it is not in the child's best interests to be separated from her baby brother.

4. The language of section 452.455.4 requires that a bond be filed before the filing of the petition for modification if a parent owes past due support in excess of $10,000. In *J.C.W. and T.D.W. by Webb v. Wyciskalla*, this Court

held that due process and the need to determine of the amount of reasonable legal fees require that the trial court determine the amount of the arrearage and the amount of reasonable legal fees after hearing evidence. 275 S.W.3d 249, 257 (Mo. banc 2009). The proceedings in this case sufficiently comply with those found necessary by *Wyciskalla*. Mr. Edwards filed his petition for modification, and the trial court held a hearing on Ms. Weigand's motion to modify. It appears that, at that hearing, Mr. Edwards admitted that his arrearage was in excess of $10,000, and he does not suggest that he challenged the arrearage amount ascertained by the division of child support enforcement or requested determination of an amount of reasonable legal fees to permit him to file a bond.

*Phillips,* 194 S.W.3d 833, 841 (Mo. banc 2006). Because a statute is cloaked in a presumption of constitutional validity, a statute may be found unconstitutional only if it clearly contravenes a specific constitutional provision. *State v. Kinder,* 89 S.W.3d 454, 458–59 (Mo. banc 2002). "This Court will resolve all doubt in favor of the act's validity and may make every reasonable intendment to sustain the constitutionality of the statute." *Reprod. Health Serv. of Planned Parenthood of St. Louis Region, Inc. v. Nixon,* 185 S.W.3d 685, 687 (Mo. banc 2006) (internal quotations omitted).

### Due Process and Equal Protection

This Court recently addressed section 452.455.4 in *J.C.W. and T.D.W. by Webb v. Wyciskalla,* 275 S.W.3d 249, 257 (Mo. banc 2009). Like Mr. Edwards, the father in *Wyciskalla* claimed that the statute was unconstitutional. *Id.* at 258. His constitutional challenge was not ripe, however, because there had not been a hearing to determine whether he had a child support arrearage of more than $10,000. As a result, there was an insufficient record for this Court to decide whether section 452.455.4 barred his motion to modify in the absence of a bond, a prerequisite to reaching the constitutional issue. *Id.* Here, the constitutional validity of section 452.455.4 is squarely before this Court.

Mr. Edwards claims that he has a fundamental right as a parent to a relationship with his child and that he is precluded from litigating his fitness to have custody or visitation with his child by section 452.455.4, in violation of his constitutional rights to due process and equal protection. In his due process claim, he asserts that before a parent is deprived of the parent's fundamental right to foster a relationship with a child, the United States and Missouri constitutions require that the court afford the parent due process of law. He asserts that any infringement of a parent's due process rights must "meet the strict scrutiny required to impinge a fundamental right." He claims that section 452.455.4 denies him the required due process and does not pass strict judicial scrutiny.

In discussing his due process claim, Mr. Edwards complains that the prior modification judgment that ordered that he have no custody or visitation with his child was entered in violation of law because allegedly there was no hearing and the decree does not include written findings that he was an unfit parent or that his custody or visitation with his child would be harmful to his child's mental or physical health.[5] Although he acknowledges that his complaints lack relevance, he nevertheless utilizes the alleged defects in the prior modification judgment to support for his claim that he was deprived of his fundamental right to have a relationship with his child. He frames his constitutional challenge to section 452.455.4 as though that statute was the basis for him being denied any custody or visitation with his child. Spe-

---

**5.** Mr. Edwards' claim that the 2004 modification judgment was entered without a hearing is refuted by recitals in the judgment that "[e]vidence was adduced" and that the trial court made its findings and orders "after duly considering the evidence." The judgment does support his claim that no findings were made in the judgment that he was an unfit parent or that his custody of or visitation with his child would be harmful to his child's mental or physical health, as required by section

452.400.1(1). As Mr. Edwards recognizes, however, the failure to comply with that statute does not give him grounds to attack the 2004 judgment in a subsequent proceeding. This Court held in *In re Marriage of Hendrix* that compliance with statutory requirements is not jurisdictional and is, instead, mere error that should be raised on appeal—not in a collateral attack. 183 S.W.3d 582, 590 (Mo. banc 2006).

cifically, he argues that, "[i]nstead of relying on the facts of the case and/or the best interest of the child, the Trial Court was forced to presume that [he] is unfit due to his unpaid child support."

Contrary to Mr. Edwards' argument, the impact of section 452.455.4 is not that a parent who has an arrearage of child support in excess of $10,000 is denied the right to have custody of or visitation with a child because of a presumption of unfitness. Rather, the statute requires such a parent to post a bond before seeking to modify a prior final judgment of custody or visitation, whatever the provisions for custody or visitation are in that prior judgment.[6] Accordingly, the issue is whether the requirement for posting a bond before proceeding on a motion to modify violates the due process rights of a parent with an arrearage in excess of $10,000.

Regarding his equal protection claim, Mr. Edwards asserts that any statute interfering with a parent's fundamental right to have care, custody and control of his child must pass strict judicial scrutiny of whether the classification is necessary to accomplish a compelling state interest. Mr. Edwards does not expressly articulate the classification created by section 452.455.4 that he is challenging. It is clear, however, that the classification at issue is between parents with child support arrearages in excess of $10,000 and parents who do not have such arrearages, and the issue is whether that classification is constitutionally repugnant.

Having clarified Mr. Edwards' due process and equal protection claims, the Court considers the nature of Mr. Edwards' fundamental right to the care, custody and control of his children. The United States Supreme Court recognizes that the rela-

tionship between parent and child is protected by the constitution. *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978). In fact, the Supreme Court has stated that "the interest of parents in the care, custody, and control of their children [ ] is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." *Troxel v. Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). *See also Franz v. United States,* 707 F.2d 582, 602 (D.C.Cir. 1983) ("Among the most important of the liberties afforded this special treatment is the freedom of a parent and child to maintain, cultivate, and mold their ongoing relationship").

■ Mr. Edwards continues his analysis of his due process and equal protection claims by relying on the Supreme Court's recognition that a parent has a fundamental right to the care, custody and control of a child as the basis for his assertion that any statute that impinges upon a fundamental right is subject to strict judicial scrutiny. While strict scrutiny generally is required when fundamental rights are implicated, *see Weinschenk v. State,* 203 S.W.3d 201, 210–11 (Mo. banc 2006), the United States Supreme Court applies a different standard when the fundamental right at issue is a parent's right to the care, custody and control of a child. *Cannon v. Cannon,* 280 S.W.3d 79, 86 (Mo. banc 2009). This Court noted, in *Cannon,* that "[t]he Supreme Court has not clarified the appropriate standard to apply when considering custody and visitation issues except in the context of grandparent visitation, when the Court stated, in a situation involving a mother seeking to deny visitation to the deceased father's parents, that

---

**6.** Section 452.455.4 applies to proceedings to modify court decisions and orders "providing for the custody of a child, including visitation rights." Section 452.445(1). *See also Wycis-* *kalla,* 275 S.W.3d at 252; *Miller v. Miller,* 210 S.W.3d 439, 444–45 (Mo.App.2007) (overruled on other grounds).

while a parent's interest in his or her children is entitled to 'heightened protection,' it is not entitled to 'strict scrutiny.'" *Id.* at 86 (citing *Troxel,* 530 U.S. at 80, 120 S.Ct. 2054). Instead, the Supreme Court utilized a balancing-of-interests standard in the context of a grandparent visitation statute. *Troxel,* 530 U.S. at 88, 120 S.Ct. 2054. After identifying the kind of factors that led it to invalidate the statute before it, the Supreme Court decided to leave the determination of the propriety of particular statutes to a case-by-case analysis. *Blakely v. Blakely,* 83 S.W.3d 537, 546 (Mo. banc 2002).

This Court applied that balancing-of-interests standard in the context of a constitutional challenge to a statute governing the modification of child custody and visitation provisions, the same type of statute Mr. Edwards challenges. *Cannon,* 280 S.W.3d at 86–88. In *Cannon,* this Court considered the constitutional validity of section 452.375, which prohibits a court from awarding "'custody or unsupervised visitation of a child to a parent if such parent or any person residing with such parent has been found guilty of [certain criminal offenses] when a child was the victim.'" *Id.* at 83 (quoting section 452.375). In finding the statute constitutional, the Court balanced the interests of the parent, who had been convicted of such a crime, in a relationship with his children with the state's *parens patriae* interest in protecting the children from abuse and acting in their bests interests. *Id.* at 86. It held that, in balancing the relevant interests, "the courts look at the private interests that will be affected, the risks of erroneous deprivation of the affected interests, and the government's administrative and fiscal burden." *Id.*

In this case, Mr. Edwards challenges the constitutional validity of section 452.455.4, which provides:

When a person filing a petition for modification of a child custody decree owes past due child support to a custodial parent in an amount in excess of ten thousand dollars, *such person shall post a bond in the amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater, before the filing of the petition.* The court shall hold the bond in escrow until the modification proceedings pursuant to this section have been concluded wherein such bond shall be transmitted to the division of child support for disbursement to the custodial parent.

(Emphasis added.) Mr. Edwards argues that the interest the legislature sought to promote through enactment of section 542.544.4 was the state's interest in collecting outstanding child support. While the state does have an interest in the payment of child support so that the basic necessities of life are provided to children and children are not in need of public assistance, the plain and ordinary language indicates that the legislature's primary intention in enacting the provision was to protect the interest of the parent to whom the past due support is owed by providing for a bond equal to the greater of either the past due support or reasonable legal fees of that parent.

The balancing-of-interests standard utilized in *Cannon* is particularly appropriate when the primary private interests that are affected by this statute are the interests of two parents who are opposing parties in a proceeding to modify a prior judgment of child custody and visitation. Under the standard, there will be a balancing of the interests of the two parents, each of whom has a protected fundamental right to the care, custody and control of the child. The parent in arrears, who desires to prosecute a motion to modify

child custody or visitation, has an interest in obtaining custody and visitation provisions that are more favorable to that parent, i.e., provisions that would give that parent more time with the child and more control over the child. The parent who is owed the past due support has an interest in defending against a motion that would decrease that parent's time with the child or control over the child and in receiving the past due support.

The obvious purpose of section 452.455.4 is to protect a custodial parent who has diminished financial resources because of having to shoulder a disproportionate share of the costs of supporting the parties' children. The parent owing the past due support generally will have employed an attorney to file and prosecute the motion to modify custody. The custodial parent, who has been deprived of child support payments in excess of $10,000, will be placed in a position of having to defend against a request for more favorable custody or visitation provisions.

The legislature's reference in the statute to posting a bond sufficient to meet reasonable legal fees recognizes that to defend the motion to modify effectively the custodial parent will need to employ an attorney. The custodial parent may not be able to afford to hire an attorney, however, because that parent has been meeting the costs of care of the child that should have been paid by the parent who is in arrears. If the custodial parent cannot afford to hire an attorney, that parent will be at a disadvantage in defending an action to modify custody and visitation provisions.

While section 452.355 authorizes the trial court to enter a pendente lite order for one party to pay the other party's legal fees during the course of a domestic relations proceeding, many attorneys will not accept representation when their own client does not have the ability to pay legal fees because of the difficulty of collecting legal fees ordered to be paid by the other party. By enacting section 452.455.4, the legislature is protecting the custodial parent from such a circumstance. The required bond in the greater of the past due child support, which must be in excess of $10,000, or the reasonable legal fees of the custodial parent, is payable to the custodial parent at the conclusion of the modification proceedings and provides a source of funds for the custodial parent to pay the costs of defending the motion to modify and encourages attorneys to accept representation of the custodial parent.

In addition to the interests of the two parents, the child's interests are a relevant factor within the balancing test. The legislature has identified the child's interest in a "frequent, continuing, and meaningful relationship with both parents" as a relevant factor in child custody and visitation disputes. See section 452.375.2. While the legislature recognizes the general concept that it is in a child's best interest to have significant and meaningful relationship with a parent, whether such a relationship is in the best interests of a particular child depends on the circumstances of that child. A child's interest in frequent and meaningful contact, just like all other factors in determining a child's best interest, depends on the specific facts regarding the parents and the child. Furthermore, the statutory provision protects the interests of a child, who is the subject of the custody and visitation provisions, by preventing an unfair advantage in favor of the parent who has failed to pay and against the custodial parent who has depleted financial resources because of paying a disproportionate share of the child's care. Instead, the statute seeks to ensure that all decisions concerning custody and visitation are adjudicated by parties with an equal opportunity to be represented by counsel so that any modification of a prior custody and visitation judgment is truly in the best interest of the child.

Finally, the statute promotes the state's interest in the administration of justice. It fundamentally recognizes that one seeking relief from the court must show a willingness to comply with the court's orders. *See, e.g., Dobbs v. State,* 229 S.W.3d 651, 654–55 (Mo.App.2007) (recognizing that, under the "escape rule," one who calls on the justice system for relief must abide by the system's rules and decisions). By denying relief to one who has not complied with court orders, the statute encourages others to respect court orders and to obey them.

In balancing the relevant interests, it is also helpful to have a clear understanding of the scope of section 452.455.4. The prohibition in the statute is limited to seeking a modification of custody and visitation provisions of a prior decree; it affects only parents who are more than $10,000 in arrears in child support and who do not file a bond. Because the statute applies to only modification proceedings, custody and visitation for the child will be governed by the provisions in a final judgment entered in a prior proceeding between the parties. Although a parent may not seek to modify the custody and visitation once there is an arrearage in excess of $10,000, at any time between the entry of the initial child support order and when the arrearage exceeds $10,000, the parent has the legal ability to seek to modify the child custody and visitation order.

Additionally, section 452.455.4 does not preclude a parent from seeking to reduce the amount of child support the parent is required to pay if a substantial and continuing change in circumstance has occurred that makes the amount of support unreasonable. Section 454.500. Nor does section 452.455.4 preclude the parent who owes the arrearage from defending a motion to modify custody or visitation filed by the custodial party.

■ In Mr. Edwards' case, there is a prior judgment that gives him no custody or visitation rights, so the impact of the statute on him is significant. As discussed previously, however, it is not section 452.455.4 that is responsible for Mr. Edwards having no custody or visitation rights but rather the final judgment in the prior modification proceeding where Mr. Edwards had the ability to appear and defend his rights to custody and visitation but did not do so. The trial court, after hearing evidence, ordered that Ms. Weigand have sole physical and legal custody of the parties' child and that Mr. Edwards not have any temporary custody or visitation, and, in its judgment, the trial court stated that its order was in the best interests of the parties' child.

Additionally, Mr. Edwards has not filed a motion to modify the amount of child support he is ordered to pay, despite the fact that he owes past due support in an amount in excess of $10,000. As Mr. Edwards has not sought modification of the amount of child support he is ordered to pay, this Court must assume that the current support order continues to be a fair and reasonable amount of support. In fact, Mr. Edwards does not allege an inability to pay the support as ordered.

Ms. Weigand has been deprived of child support in an amount in excess of $10,000 and, at times, up to $20,000. As a consequence, Ms. Weigand has provided for the needs of her child in an amount well beyond what the court determined to be fair. Ms. Weigand, therefore, has a valid interest in avoiding the additional legal fees and costs necessary to defend the motion to modify Mr. Edwards filed or in not being compelled to defend the motion when she is unable to afford legal representation.[7]

---

**7.** This Court notes that Ms. Weigand did not file a respondent's brief or in anyway defend

The interest of the parties' child is also protected by the statute. In the record on appeal, Mr. Edwards did not include a copy of Ms. Weigand's 2003 motion to modify or a transcript of the hearing on her motion to modify, which would have shown the basis for the denial in the 2004 modification decree of any custody or visitation to Mr. Edwards. Because the law requires that custody and visitation be denied to a parent only if it would be harmful to the physical or mental health of the child, section 452.400.1(1), this Court assumes that the trial court denied custody and visitation to Mr. Edwards because there was sufficient evidence to prove that it would be harmful to the child. It is in the child's best interest that any adjudication as to whether there should be a modification of the prior decree and whether Mr. Edwards currently should have custody or visitation be made only when Ms. Weigand's ability to hire counsel is not negatively impacted by Mr. Edwards' failure to pay child support.

Considering the private interests affected, the risks of erroneous deprivation of the affected interests, and the government's administrative and fiscal burden, this Court finds that section 452.455.4 is constitutional. The statute constitutes a reasonable balancing of the interests of Mr. Edwards, a parent owing past due child support in excess of $10,000; Ms. Weigand, the custodial parent who is owed the support; and the state's *parens patriae* interest in protecting their child's best interest. The statute does not violate Mr. Edwards' due process or equal protection rights.

### Open Courts

■ In addition to alleging that the dismissal of his motion to modify violates his due process and equal protection

rights, Mr. Edwards contends that section 452.455.4's requirement that parents who owe more than $10,000 in past due child support must file a bond before seeking to modify a prior custody judgment violates the open courts provision in the Missouri Constitution. Article I, section 14 of Missouri's constitution provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that rights and justice shall be administered without sale, denial or delay." Therefore, "those statutes that impose procedural bars to access of the courts are unconstitutional," *Wheeler v. Briggs,* 941 S.W.2d 512, 514 (Mo. banc 1997), and any "law that *arbitrarily or unreasonably* bars individuals or classes of individuals from accessing our courts in order to enforce *recognized* causes of action for personal injury" violates the open courts provision. *Kilmer v. Mun,* 17 S.W.3d 545, 549 (Mo. banc 2000) (emphases in original). This constitutional right to open courts does not entitle access to the courts for any and all grievances or concerns one might have: "the right of access means simply the right to pursue in the courts the causes of action the substantive law recognizes." *Id.* (quotation marks and citation omitted).

■ An open courts violation is established on a showing that: "(1) a party has a recognized cause of action; (2) that the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable." *Snodgras v. Martin & Bayley, Inc.,* 204 S.W.3d 638, 640 (Mo. banc 2006). With regard to the first issue, a motion to modify a support order is recognized as an independent cause of action that results in a final judgment, *see Stein v. Stein,* 787

against Mr. Edwards' appeal of the trial court's dismissal of his motion to modify.

Instead, an amicus brief was filed by the attorney general.

S.W.2d 787, 788 (Mo.App.1990), and in the same way, a motion to modify child custody is an independent cause of action. The cause of action for a motion to modify custody is being restricted as there is the requirement that a parent who has a child support arrearage in excess of $10,000 file a bond before being permitted to seek to modify a custody judgment. The filing of a bond is a barrier erected to seeking relief in the recognized cause of action.

The question, then, is whether the restriction is arbitrary or unreasonable. As evidenced in the above analysis of the balancing test, the bond requirement in section 452.455.4 is not arbitrary or unreasonable. The statute protects the interests of a custodial parent who has been denied child support payments in excess of $10,000 and who would be at a financial disadvantage to defend the motion to modify by requiring the noncustodial parent to file a bond. The bond would make funds available to the custodial parent at the end of the modification proceedings to help pay the legal fees the custodial parent would incur. The statute does not restrict the ability of the parent who is in arrears to file a motion to modify child support, seeking to reduce the amount of support if a substantial and continuing change in circumstance had made the amount unreasonable. Nor does the statute preclude the parent in arrears from defending a motion to modify custody and visitation filed by the custodial parent. In fact, *Wyciskalla* holds that the due process and open courts provisions of the constitution require that the parent be afforded an opportunity for a hearing to determine whether the arrearage is above or below the $10,000 threshold, to establish the amount of a reasonable legal fee for the custodial parent and to provide judicial review of the arrearage amount ascertained by the division of child enforcement. 275 S.W.3d at 257.

In *Kilmer*, a statute was found to erect an arbitrary and unreasonable barrier where the statute required a successful prosecution for the offense of providing liquor to an intoxicated person as a prerequisite to a wrongful death action. 17 S.W.3d at 552. The requirement in section 452.455.4 for filing a bond before seeking relief in a motion to modify custody depends on the actions of the parent in arrears and differs from that in *Kilmer*, which requires the actions of a third person. Accordingly, the prerequisite of filing a bond before prosecuting a motion to modify custody is not an arbitrary and unreasonable barrier prohibited by the open courts provision of the Missouri Constitution.

### Conclusion

Mr. Edwards' claims that section 452.455.4 violates his due process and equal protection rights and Missouri's open courts provision are not meritorious. The judgment is affirmed.

PRICE, C.J., TEITELMAN, RUSSELL, WOLFF and STITH, JJ., and MALONEY, Sr.J., concur.

FISCHER, J., not participating.