In re.C.M.B. and M.M.J.B., by their Next Friend, Michael Barker, and Michael Barker, Individually,

Michael Barker, Respondent,

v.

Rebecca Sue Lind, Appellant.

No. SD 30210.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 2010.

---

William G. Weber, Pineville, MO, for Appellant.

Tina M. Longnecker, Joplin, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Rebecca Sue Lind ("Appellant") appeals a judgment of the trial court awarding Michael Barker ("Respondent") joint legal and physical custody of their two minor children, and designating Respondent as residential custodian for education and mailing purposes. We affirm the judgment of the trial court.

### Factual and Procedural History

Appellant and Respondent are the natural parents of two minor children: C.M.B., born November 22, 1997, and M.M.J.B., born July 16, 1999. The parties have lived apart for the last eight years. During this time, the children resided with Appellant; Respondent maintained a relationship with the children.

On April 21, 1998, the Division of Child Support Enforcement issued an administrative order for Respondent to pay Appellant child support, on behalf of the two

minor children, in the amount of $392.00 per month.

On August 31, 2005, Respondent filed a three-count "Petition for Determination of Father–Child Relationship, Order of Child Custody, Visitation, and Order of Child Support." In Count I Respondent asked the trial court to determine the existence of the father-child relationship between Respondent and the two children. In Count II he requested the trial court place the children in his primary care and custody subject to Appellant receiving reasonable and specific visitation as set forth in his proposed parenting plan. In Count III Respondent asked the trial court to order Appellant to pay Respondent reasonable child support. When the petition was filed, Respondent was $13,620.85 in arrears on child support.

In Appellant's answer to the petition, she admitted the trial court should make a determination of paternity, but requested the trial court award her custody and appropriate child support. She also admitted that "neither Petitioner nor Respondent has participated in any capacity in any other litigation concerning the custody" of the minor children. She did not file any motions or counterclaims on the issues raised by the pleadings.

On June 17, 2008, the date of trial, Respondent was in arrears in child support in the amount of $16,150.96

On July 7, 2008, judgment was entered; Respondent was designated as the residential custodian of the children subject to Appellant's visitation, per Respondent's Parenting Plan. The trial court ordered child support in the amount of $273.00 per month payable from Appellant to Respondent. This amount was ordered to be "offset against any child support arrears as payable from Respondent to [Appellant]."

The trial court's judgment was inadvertently designated "Judgment of Modification." However, on July 17, 2008, Respondent filed a motion nunc pro tunc seeking to amend the designation of the judgment from "Judgment of Modification" to "Judgment of Paternity." This motion was granted on October 8, 2008.

On July 21, 2008, Appellant filed a "Motion to Set Aside Judgment of Modification, for a New Trial, or, in the Alternative, to Amend Judgment." Appellant alleged, for the first time, that Respondent could not file his petition because section 452.455[1] required him to post a bond, as a condition precedent to the petition, since he owed more than $10,000.00 in child support. On October 8, 2008, the trial court denied Appellant's motion. This appeal followed.

In Appellant's sole contention, she argues the trial court misapplied the law in granting judgment of paternity that affected a change in custody, because Respondent failed to meet a condition precedent required by section 452.455.4 of posting a bond, as he owed more than $10,000.00 in past due child support when the original petition was filed. Respondent contends section 452.455.4 is inapplicable to a petition seeking an initial decree of paternity, custody and visitation. The only issue presented for determination is whether section 452.455.4 required the filing of a bond when a petition for an initial decree of custody and visitation is filed.

## Standard of Review

We must affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declared the law, or erroneously applied the law. *Mur-*

1. All references to statutes are to RSMo 2008, unless otherwise indicated. Sections 452.440 through 452.550 were repealed by L.2009, H.B. No. 481, § A H.B. 481 section A.

*phy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### Analysis

Section 452.455.4[2] (a part of the Uniform Child Custody Act adopted by Missouri in 1978) required a parent who was more than $10,000.00 in arrears in child support to post a bond in the amount of the arrearage, or the legal fees of the custodial parent, whichever is greater, before filing a "petition for modification of a child custody decree."

We look to section 452.445 for specific definitions in interpreting the language in section 452.455.4:

As used in sections 452.440 to 452.550:

(1) 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. This term does not include a decision relating to child support or any other monetary obligation of any person; but the court shall have the right in any custody determination where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support;

(2) 'Custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for dissolution of marriage, legal separation, separate maintenance, appointment of a guardian of the person, child neglect or abandonment, but excluding actions for violation of a state law or municipal ordinance;

(3) 'Decree' or 'custody decree' means a custody determination contained in a judicial decree or order made in a custody proceeding, and includes an initial decree and a modification decree;

. . . .

(5) 'Initial decree' means the first custody decree concerning a particular child[.]

"Absent a statutory definition, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Akins v. Dir. of Revenue,* 303 S.W.3d 563, 565 (Mo. banc 2010). Only if the language is ambiguous, or would lead to an absurd or illogical result, will a court look beyond the plain meaning of the statute. *Id.*

In *Weigand v. Edwards,* the Supreme Court described the scope of section 452.455.4:

The prohibition in the statute is limited to seeking a *modification of custody and visitation provisions of a prior decree;* it affects only parents who are more than $10,000 in arrears in child support and who do not file a bond. Because the statute applies to *only modification proceedings,* custody and visitation for the child will be governed by the provisions in the final judgment entered in a prior proceeding between the parties.

296 S.W.3d 453, 460 (Mo. banc 2009) (emphasis added).

Here, the record shows Respondent's petition was for an initial decree of

---

2. Section 452.455.4 stated:

When a person filing a petition for *modification of a child custody decree* owes past due child support to a custodial parent in an amount in excess of ten thousand dollars, such person shall post a bond in the amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater, before the filing of the petition. The court shall hold the bond in escrow until the *modification proceedings* pursuant to this section have been concluded wherein such bond shall be transmitted to the division of child support enforcement for disbursement to the custodial parent. (emphasis added).

paternity, custody and visitation. Respondent filed a "Petition for Determination of Father–Child Relationship, Order of Child Custody, Visitation, and Order of Child Support" and the trial court rendered judgment on each issue. No other court had previously rendered judgment on any of these issues. Appellant admitted that "neither Petitioner nor Respondent has participated in any capacity in any other litigation concerning the custody" of the minor children. Section 452.550 directs that a "child custody decree" requires a court decision, court order, or court instruction providing for the custody of a child, including visitation rights. The statute also explicitly notes that custody determination "does not include a decision relating to child support or any other monetary obligation of any person ...." § 452.445. Significantly, the administrative order by the division of child support enforcement does not qualify under this definition. Administrative agencies do not have the power to set custody and visitation. "Exclusive powers of the judiciary include the ability to render judgments and conduct judicial review." *State ex rel. Hilburn v. Staeden,* 91 S.W.3d 607, 612 (Mo. banc 2002). Thus, the judgment entered by the trial court clearly meets the statutory definition for an initial custody decree. § 452.455.

Interpreting section 452.455.4 to include an administrative order of the Division of Child Support Enforcement would require us to ignore the express terms the legislature mandated in this statute. This we cannot do as it is well-settled law that a definition provided by the statute is binding in its interpretation. *Moses v. Carnahan,* 186 S.W.3d 889, 900 (Mo.App. W.D. 2006). We find the statute is unambiguous that the bond requirement applies only to petitions seeking to modify child existing custody or visitation decrees. Our Supreme Court explicitly noted "the statute applies to *only modification proceed-*ings ...." *Weigand,* 296 S.W.3d at 460 (emphasis added). During oral argument, Appellant's counsel admitted that the judgment entered by the trial court does not fit the technical requirements of the statute and that an administrative order is not a decree. We decline to depart from the plain language of the statute. To do so would require us to insert language into the statute which is not present.

The cases Appellant cites as support for her contention all involve motions to modify existing custody and visitation judgments. *Miller v. Miller,* 210 S.W.3d 439 (Mo.App. W.D.2007); *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 256 (Mo. banc 2009); and *In re Marriage of Hendrix,* 183 S.W.3d 582, 588 (Mo. banc 2006) all refer to circumstances where a party was seeking to modify an existing decree.

Accordingly, we conclude section 452.455.4 does not require a bond to be posted when an initial petition for a decree of paternity, custody, and visitation is filed if the Movant is in arrears for child support payments. There is no showing the trial court's judgment is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. The judgment of the trial court is affirmed.

RAHMEYER, P.J. and BATES, J., Concur.