

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MIA TOWNSEND, | ) | No. ED103550 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Robert S. Cohen |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: August 2, 2016 |
| Respondent. | ) | |

### Introduction

Mia Townsend (Movant) appeals the motion court's denial, without an evidentiary hearing, of her Rule 24.035[1] amended motion for post-conviction relief. In her sole point relied on, Movant contends the motion court erred by denying her motion without an evidentiary hearing because Movant pleaded facts, unrefuted by the record, that her plea counsel was ineffective for promising she would receive probation in exchange for making a blind[2] *Alford*[3] plea. We affirm.

### Factual Background

In June 2012, Movant acted with her mother and co-defendant, Cheryl Moore, and her sister, Ronnica Moore, in forcibly entering an apartment where Ronnica Moore's estranged husband, C.W., and his girlfriend, T.D. were residing. The State alleged that all three women

---

[1] Unless otherwise noted, all references to Rules are to Missouri Supreme Court Rules (2015).

[2] Movant's plea was "blind" because there was no plea agreement between Movant and the State.

[3] *Alford* is in reference to *North Carolina v. Alford*, 400 U.S. 25 (1970).

kicked and pushed T.D. and that Movant hit her with a metal baseball bat. Movant was charged with one count of first-degree burglary, a Class B felony, and one count of second-degree assault, a Class C felony. In October 2013, Movant entered a blind *Alford* plea to both counts, and the plea court accepted the plea.

Movant failed to appear for her sentencing hearing scheduled for November 2013 and a warrant was issued. Movant then appeared at a later hearing in May 2014. At the hearing, the sentencing court stated it reviewed a letter in which Movant discussed her expectation of a probation sentence and her representation issues with plea counsel. After questioning Movant, the sentencing court found no probable cause for ineffective assistance of counsel and sentenced Movant to concurrent terms of seven years' imprisonment on Count I of burglary in the first degree and seven years on Count II of assault in the second degree.

In October 2014, Movant filed a *pro se* Rule 24.035 motion seeking post-conviction relief. Counsel was appointed and subsequently filed an amended motion alleging that plea counsel's performance was ineffective because he told Movant "she would receive the suspended imposition or suspended execution of sentence and probation in exchange for her blind, *Alford* plea to the charges." The motion court denied the motion without an evidentiary hearing, finding that Movant "entered her plea knowingly and voluntarily," because she was "examined extensively on these issues by the Court during her plea of guilty at the time of sentencing." This appeal follows.

**Standard of Review**

We review the denial of a Rule 24.035 post-conviction motion to determine whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous, if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Mullins v. State*, 262 S.W.3d

2

682, 684 (Mo. App. E.D. 2008). In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, the following must be satisfied: (1) Movant must allege facts which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). If the motion court determines the record conclusively establishes the movant is not entitled to relief, the motion court shall deny an evidentiary hearing. Rule 24.035(h).

**Discussion**

In her sole point, Movant contends the motion court clearly erred by denying her motion for post-conviction relief without an evidentiary hearing because plea counsel was ineffective for promising that Movant would receive a suspended imposition or suspended execution of sentence in exchange for her blind *Alford* plea. She argues plea counsel's promise rendered her plea unknowing, involuntary, and unintelligent, and but for plea counsel's ineffectiveness, there is a reasonable probability that she would not have pleaded guilty and would have gone to trial. In response, the State asserts that because Movant failed to appear for her sentencing hearing in November 2013, the escape rule should apply, waiving her right to appeal. In the alternative, the State argues the motion court did not clearly err by denying Movant's motion without an evidentiary hearing because the record refutes Movant's claim that counsel rendered ineffective assistance.

*I. Escape Rule*

The State asserts that because Movant failed to appear for her sentencing hearing in November 2012, Movant waived her right to appeal under the "escape rule." Movant does not address the escape rule in her brief.

3

The judicially-created "escape rule" operates to deny the right of appeal to a defendant who escapes justice. *Harvey v. State*, 150 S.W.3d 128, 129 (Mo. App. E.D. 2004). "Whether or not to use the escape rule to dismiss an appellant's claims of error rests within the sound discretion of the appellate court." *Id.* Although we do not condone Movant's failure to appear for sentencing, this Court chooses not to invoke the escape rule. We will address Movant's point on its merits.

## II. Ineffective Assistance of Counsel

Movant contends the motion court clearly erred by denying her motion for post-conviction relief without an evidentiary hearing because plea counsel was ineffective for promising she would receive a suspended imposition or suspended execution of sentence in exchange for her blind *Alford* plea. She argues plea counsel's promise rendered her plea unknowing, involuntary, and unintelligent, and but for plea counsel's ineffectiveness, there is a reasonable probability that she would not have pleaded guilty and would have gone to trial. In response, the State argues the motion court did not clearly err by denying Movant's motion without an evidentiary hearing because the record refutes Movant's claim that counsel rendered ineffective assistance.

Movant's testimony at her plea hearing directly refutes her claim that her plea was involuntary. Even if plea counsel told Movant she would receive probation in exchange for her guilty plea, the record demonstrates it was not reasonable to believe his alleged statements.

"To prevail on a claim of ineffective assistance of plea counsel, a movant must show that (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) counsel's deficient performance prejudiced the movant." *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. App. E.D. 2009). "When pleading guilty, a defendant waives any claim that defense counsel was ineffective except to the extent that counsel's conduct affected the voluntariness and knowledge with which the plea was made." *Nichols v. State*, 409

4

S.W.3d 566, 569 (Mo. App. E.D. 2013) (citations and quotations omitted). To establish prejudice where a movant has pleaded guilty, the movant must show that but for counsel's errors, he would not have pleaded guilty and would instead have insisted on proceeding to trial. *Smith*, 353 S.W.3d at 3. When Movant has alleged that he was misled by plea counsel, he must show that his belief in his plea counsel's statements was reasonable. *Shackleford v. State*, 51 S.W.3d 125, 129 (Mo. App. W.D. 2001). "A defendant's mistaken belief about the terms of his sentence can vitiate his sentence only if it results from a positive representation upon which he is entitled to rely." *Id.* Further, "[m]ere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." *Nesbitt v. State*, 335 S.W.3d 67, 69 (Mo. App. E.D. 2011).

Movant relies on *Brown v. Gammon*, 947 S.W.2d 437 (Mo. App. W.D. 1997) and *Reed v. State*, 114 S.W.3d 871 (Mo. App. W.D. 2003). In both cases, the Western District vacated the movant's conviction, holding the movant had a mistaken but reasonable belief regarding his sentence. In *Brown*, the movant's plea agreement included an offer to place him on probation after 120 days of imprisonment if he completed a substance abuse program while in prison. 947 S.W.2d at 438. Despite the movant's completion of the program, the trial court denied his probation. *Id.* The Western District determined the movant "was not questioned during sentencing concerning his understanding of the court's proposal, and at no time was he advised that the granting of probation at the end of 120 days was entirely within the discretion of the trial court." *Id.* at 441. The court vacated the movant's sentence and remanded to the trial court to provide the movant the opportunity to withdraw his guilty plea. *Id.*

In *Reed*, the court told the movant that if he successfully completed a "boot camp" program, he would be put on probation. 114 S.W.3d at 873. However, the camp was full, so the movant was unable to perform his part of the plea bargain and the plea court denied his probation.

*Id.* The Western District vacated Movant's conviction, holding that Movant based his guilty plea on a reasonable mistake of fact and was entitled to rely upon that representation. *Id.* at 877.

Unlike in *Brown* and *Reed*, in the present case, Movant's claim that her plea was involuntary is refuted by the record, as it was unreasonable for Movant to rely on plea counsel's alleged statements. During Movant's plea hearing, the plea court questioned her extensively on whether she understood her range of punishment if she pleaded guilty. The following exchange occurred:

> [THE COURT]: Okay….Now, the sentence could be something that you think is very acceptable and you like. It might not be exactly what you want. There's this degree of uncertainty in connection with it, but as I understand it, for sure you don't want what the State has recommended, and you're hoping for a better result…
>
> *     *     *
>
> [MOVANT]: I don't really have any questions, but my concern is I thought we were entering an Alford plea for five years SIS sentence.
>
> [THE COURT]: Okay. Well, that's a good question. I would say….I think [plea counsel's] hoping…that would happen….[plea counsel] knows that that's not the State's recommendation….So [plea counsel's] hoping that by a plea of guilty to the Court –
>
> [MOVANT]: Okay.
>
> [THE COURT]: --that the Court will consider that.
>
> [MOVANT]: Okay.

[THE COURT]: And my…response to that is, yes, I would consider that, but I have to consider all the options as well. And although that's what you and [plea counsel] are looking for and hoping for, I cannot promise you that now.

[MOVANT]: Understood.

The plea court accepted Movant's *Alford* plea and Movant affirmed it was made "voluntarily and with an understanding of the nature of the charges."

At Movant's sentencing hearing, the sentencing court discussed a letter written by Movant which detailed her representation issues with plea counsel. Regarding plea counsel's performance, Movant testified as follows:

[THE COURT]: Did you have enough time to talk to [plea counsel] before you entered your plea of guilty?

[MOVANT]: Yes.

[THE COURT]: Did he answer your questions to your satisfaction?

[MOVANT]: Yes, sir.

[THE COURT]: Did he do everything for you that you asked him to do?

[MOVANT]: I don't know. I wasn't in chambers. I asked him a couple of things. I don't know if it was discussed or not.

[THE COURT]: Were there any witnesses that you wanted him to contact for you in this matter?

[MOVANT]: My mother and my sister.

[THE COURT]: Was there anything else that you wanted [plea counsel] to do to prepare and investigate this case?

[MOVANT]: No.

[THE COURT]: Do you claim that anyone made any threats to you or any promises to you to cause you to plead guilty?

[MOVANT]: No. [Plea counsel] just said if we entered a blind plea we were going to get probation.

[THE COURT]: Do you agree I never told you that?

[MOVANT]: I definitely agree.

[THE COURT]: Do you have any other complaints or criticisms about [plea counsel's] representation?

[MOVANT]: No.

[THE COURT]: Let the record show that the Court finds there is no probable cause to believe that ineffective assistance of counsel exists.

Movant's answers to the court's questions at both the plea and sentencing hearings directly refute her assertion that her plea was involuntary, unknowing, and unintelligent. Her belief about her potential sentence did not result from a positive representation upon which she was entitled to rely. After Movant stated she completely understood that her sentencing was up to the court's discretion, it was unreasonable for her to believe any representation from plea counsel that she was entitled to receive a suspended imposition of sentence. *See Lynn v. State*, 417 S.W.3d 789, 795 (Mo. App. E.D. 2013) (holding that the movant's belief that he would receive a specific sentence per his plea counsel's advice was not reasonable after the movant confirmed he understood that the court had discretion to determine the sentence). When Movant stated she expected to receive a suspended imposition of sentence, the plea court clarified repeatedly that it had discretion to consider other options, and that there was no guarantee of probation. Even if plea counsel provided

8

Movant with a mistaken belief regarding her possible sentence, the record demonstrates that any reliance on this statement was not reasonable.

Further, at the sentencing hearing, Movant affirmed she had sufficient time to discuss the case with plea counsel before deciding to plead guilty. She affirmed she had not been threatened or promised anything to plead guilty. Although Movant said plea counsel stated that if she entered a blind plea she would get probation, she affirmed she understood that the plea court never guaranteed her probation.

Therefore, the record clearly refutes Movant's claim that her plea was rendered involuntary, unknowing, and unintelligent due to ineffective assistance of counsel. Accordingly, the motion court did not err by denying Movant's post-conviction motion without an evidentiary hearing. Movant's point is denied.

**Conclusion**

The judgment is affirmed.

_____
Philip M. Hess, Chief Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.